### SIDNEY THOMAS V. JUNCTION CITY IRRIGATION COMPANY.

#### No. 7010.

1. **Parol License to Use Land.** — Under the strict rules of the common law an oral license to use the land of another is ordinarily revocable at will, and when works erected under such an authority are destroyed or thrown down by the elements the owner of the land may refuse to permit them to be reconstructed. This rule however has not been followed in all the States, nor in courts of equity in cases in which to permit revocation would work fraud or great wrong.

2. **Injunction to Restrain Building a Dam.** — To entitle the abutting land owner to an injunction against defendant against rebuilding a dam which had connected with the plaintiff's land it was incumbent on him to show that defendant had no right to construct the dam when suit was brought. Upon showing that fact he would be entitled to decree perpetuating the injunction.

3. **Former Judgment.** — Suit to enjoin defendant from repairing a dam across Llano River, and from connecting the dam on the south bank with land owned by the plaintiff. It was pleaded and proved that prior to filing such suit the defendant in it had prosecuted a suit against the plaintiff herein to enjoin him from interfering with said dam. The defendant in the former suit set up and claimed damages caused by water thrown upon his land, etc., by the dam, wherein such damages were refused and he enjoined from injuring, etc., the dam. *Held*, that such decree was conclusive of the same matters litigated herein; that it does not matter if such decree was erroneously rendered, it not having been appealed from nor in any way set aside.

APPEAL from Kimble.   Tried below before Hon. A. W. Moursund.
The opinion states the case.

*Marshall Fulton,* for appellant.—The court erred in rendering judg-
ment for the defendant dissolving the injunction in this case, because
the dam that had been erected by the defendant under license from the
plaintiff under judgment of the District Court of Kimble County had
been destroyed by the elements, had been washed out of the river, a
navigable stream, and was not, at the institution of this suit, tied on
to plaintiff's land, nor was any part of such dam remaining attached
thereto that had been before that so erected.  The washing out of the dam
erected over a navigable stream, and tied on to plaintiff's land by con-
sent, being an easement by license not in writing, revoked the license,
and before another dam could be put there or anywhere on plaintiff's
land consent must be procured from plaintiff, or property condemned,
and the same as to the back-water overflow.  Hall v. Boyd, 14 La., 1;
Veghte v. Raritan & Co., 19 N. J. Eq., 142; Cowles v. Kidder, 57 Am.
Dec., 287; Washb. Easements, sec. 2, p. 26, side page 18; Clinton v.
McKinzie, 5 Strobh. (S. C.), 36; Clute v. Carr, 91 Am. Dec., 442, and
note; Prince v. Case, 27 Am. Dec., 675, and note; 3 Kent. Com. 452–
453, note 13; 1 Washb. Real Prop., side page 400, top page 665.

No brief for appellee has reached the Reporter.

STAYTON, CHIEF JUSTICE.—Appellant brought this suit to restrain
appellee from erecting a dam across the Llano river to connect with
his land on the south side.   He alleged that he was the owner of a
tract of land situated on the south bank of the river, and that without
his consent and without condemnation and compensation to him de-
fendant was in the act of erecting across the river a dam connecting
with his land for the purpose of raising the water in the river about
seven feet, whereby the water would be caused to overflow his land and
thus destroy the use of a part of it, and that the intent was to maintain
the dam across the river permanently.   The suit was brought on April
16, 1888, and a temporary injunction was granted, which on final hear-
ing was dissolved.

The answer of defendant alleged that in the year 1886 it erected a
dam across the river connecting with plaintiff's land at the place
where it was repairing its dam at the time this suit was brought, and
that it remained there until sometime in May, 1888, when it was par-
tially destroyed by an overflow, and that the part of the dam so de-
stroyed was that part which connected with plaintiff's land, and that
this it was in the act of repairing when the writ of injunction was
served.

It further alleged that the purpose of the dam was to force water into an irrigation ditch dug and to be dug by it for the purpose of irrigating lands along its line to the town of Junction City, some miles below, and it attempted to plead facts showing that plaintiff's land so far as necessary had been condemned for its use in accordance with the statute, but this part of the answer was defective and an exception was sustained to it.

It further alleged that at the fall term of the District Court for Kimble County plaintiff sued for and sought to recover damages from defendant for adjoining and abutting its dam on and against his land, and that the judgment of the court on full hearing was against plaintiff's claim and that he take nothing, and it alleged that this judgment was final, still in full force, and in no manner set aside.

It is claimed that an exception was sustained to so much of the answer as set up this judgment, but it is not clear what the ruling of the court was in this respect, but in assigning errors appellant complained the court erred in overruling an exception to so much of the answer.

The answer further alleged that after the writ of injunction was issued defendant deflected its dam and connected it on the south side of the river with the land of one Armstrong, which it is alleged was necessary in consequence of the restraint placed upon it by the injunction, to enable it to use its irrigating ditch, which it had constructed at great cost.

There was no prayer for damages made by plaintiff for any injury resulting from the construction of the dam as constructed pending the litigation, but the petition did allege the injury that would result from constructing the dam so as to connect with plaintiff's land, and did pray that defendant be restrained from forcing the water over his land, and prayed generally for damages.

After the special exceptions were sustained, so far as they may have been, the cause seems to have been tried on its merits, the judgment pleaded by defendant being offered in evidence, together with an agreement in reference thereto, but no evidence was offered to show that the right to construct the dam to plaintiff's land was ever acquired by condemnation.

It was agreed that the land claimed by plaintiff belonged to him, and that as alleged by defendant it had erected a dam across the river connecting with his land and had used it until partially washed away, when it sought to restore it and was prevented by the injunction, and that the point where it so connected was about fifteen feet below the upper corner of plaintiff's land, the land of Armstrong being immediately above that of plaintiff.

In reference to the judgment pleaded by defendant it was agreed that the parties to this suit were parties to the action in which that was rendered, and that the court therein decreed that defendant herein

had right to maintain the dam there erected because plaintiff had consented to the erection and maintenance of the dam before and at the time it was being built; that the judgment was a final judgment and not appealed from; and it was further agreed that the dam remained at the same place until partially washed away, and its subsequent construction was proved as alleged by defendant.

It was further proved that the dam as it stood at time of trial caused water to flow over some of plaintiff's land, but it does not appear whether the same overflow occurred while the old dam stood, and plaintiff testified that the overflow ruined a spring from which his family used water and that it was damaged as much as $50.

The judgment before referred to was also offered in evidence, and from that it appears that the jury found and the court adjudged that plaintiff was not then entitled to any damages. There is but one assignment of error presented, and that questions the correctness of the judgment dissolving the injunction.

It is contended by appellant that the first dam erected at most was there under mere license, and that when washed away it could not be restored without further license; but throughout his evidence he denies that it was ever erected with his consent, and he now claims that the effect of the judgment before referred to was to establish the right of defendant as a mere licensee to maintain the dam then existing.

It may be conceded that under the strict rules of the common law an oral license to use the land of another is revocable at will ordinarily, and that when works erected under such an authority are destroyed or thrown down by the elements the owner of the land may refuse to permit them to be reconstructed. Washburne on Easements, 27–32; 1 Washburne on Real Property, 664–670; Lewis on Eminent Domain, 298, and authorities cited by these authors. This rule, however, has not been followed in all the States nor in courts of equity, unqualifiedly, in cases in which to permit revocation would work fraud or great wrong.

It is unnecessary in this case to determine whether under the laws of this State plaintiff, if defendant be not a corporation under the law entitled to condemn lands for the uses for which it was incorporated, would be permitted to revoke an oral license given to defendant to connect its dam with his lands if it should be made to appear that for a valuable consideration an oral license was given by plaintiff, and that in pursuance of this defendant had at great expense constructed ditches and other works contemplated by the parties at the time the license was given.

Parol contracts for the sale of land are now enforced when there has been performance on one side and justice otherwise can not be done between the parties. If defendant be a corporation entitled to condemn such lands as it needs for its business, a matter of which we are not ad-

vised, then there is no reason why the strict common law rule in regard to the revocation of a parol license should not be given effect if the case calls for it; for in such case defendant would have power at once to acquire by condemnation so much of defendant's land as it needs, and there would be no reason for interposition of a court of equity unless to protect interests essentially public during proceedings for condemnation.

It seems to us, however, that the questions which appellant seeks to raise do not arise upon the facts, and the rules of law on which he insists might be conceded for the purposes of this case and he still not be entitled to the relief he seeks. To entitle him to injunction it was incumbent on him to show that defendant had no right to construct its dam where it was reconstructing it when he brought this suit; and if he had shown that, he would have been entitled to have the injunction perpetuated and to recover costs, it appearing that when brought the suit was necessary to protect his right, even though defendant subsequently connected its dam with the land of another person.

We see no reason why the court below should have sustained exception to so much of the answer as set up the judgment before referred to in bar of this suit, and as the parties tried the case as though no such exception was sustained, it will be so disposed of here.

The record in this case shows that the parties to this cause were parties to that in which the former judgment was rendered; that the right of defendant in this cause then to maintain the dam was in issue and decided against the plaintiff; it shows that plaintiff in this cause there sought to recover damages because of the erection and existence of the dam and that this was refused, and it still further shows that plaintiff was thereby "forever enjoined and restrained from cutting and opening a ditch around plaintiff's dam, whereby the water in said dam is permitted to escape, or in any other manner to injure or damage the dam or interfere with plaintiff's use aforesaid."

When the present plaintiff, defendant in the former suit, was enjoined from interfering in any manner with the dam or defendant's use of it in a suit brought by the latter against him, and when he sought to recover damages on account of its existence and maintenance, and this was refused, it must be held that the judgment by which such results were reached establishes that the defendant then had some right in or to the land on which the dam then stood higher in its nature than a mere parol license.

If it be assumed that the judgment referred to was rendered on the erroneous supposition on the part of the court that such a judgment was authorized by the simple fact that plaintiff consented that the dam should be placed on his land in the first instance, this could not change the effect of the judgment. The fact that the former suit was by the present defendant and to restrain the present plaintiff from interfering

with the dam in any manner, and the further fact that the present plaintiff then sought to recover damages on account of the maintenance of the dam, show fully the adversary claims of the respective parties and their adjudication, which now precludes any claim on the part of the plaintiff that the only right the defendant then had was a mere license revocable at the will of the plaintiff.

The former judgment may have been erroneous under the facts existing, but it is conclusive against plaintiff's present claim for injunction on any ground on which it is now claimed. There is no pleading showing that plaintiff has suffered any injury whatever from the construction of the dam so as to connect with the land of Armstrong and not with his own; and if it be true that any injury has so resulted that would not have occurred had the dam been reconstructed as it first was, no damages on this account could have been awarded plaintiff, for he had no pleading to support such a judgment.

We find no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered April 21, 1891.