FRANK THOMPSON v. THOMAS GALLAGHER.

Decided June 6, 1903.

**Trespass to Try Title—School Land—Classification and Appraisement.**

Where plaintiff sues in trespass to try title to recover school land, pur-
chased from the State, but unpatented, he must allege and prove that the land
was classified and appraised, as no presumption that this has been done arises
from the action of the Commissioner in selling the land.

Appeal from the District Court of Nueces. Tried below before Hon.
Stanley Welch.

*D. McNeill Turner,* for appellant.

*McCampbells & Stayton,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought by appellant in
the form of an action of trespass to try title to recover of appellee a sec-
tion of land numbered 402, which, by amendment, appellant claimed
he had purchased from the State as public school land. By this amend-
ment appellant pleaded the various things which had been done toward
the completion of his purchase. The defendant answered by plea of not
guilty.

The trial court, after hearing the facts, instructed the jury to return
a verdict for appellee, stating his reasons therefor in the charge.

It was shown that in 1897 appellant made application to the Land
Office to purchase the section in question, that his application was
allowed, the necessary cash payment made, the obligation and oath filed,
and thereafter everything was done by him which the law required to
perfect his purchase except the fact of proper occupancy, upon which
the evidence was conflicting. The record, however, is silent as to
whether the land was ever classified and appraised for sale as required
by law.

In the year 19— appellee appeared before the Land Commissioner
and filed affidavits to the effect that the land was unoccupied. Notice
of this was mailed to appellant, who failing to appear on the day named
for the hearing, the Land Commissioner canceled the sale to appellant,
and awarded the land to appellee on his application to purchase it as a
detached section.

Thereafter appellant filed affidavits as to his occupancy, which, if
true, would have entitled him to his purchase receipt, but for the can-
cellation. The Commissioner refused to reinstate him, whereupon this
suit was brought.

In urging the reversal of the judgment appellant assails the reasons
given by the trial judge for giving the peremptory instruction. In view
of the disposition we are constrained to make of this appeal we shall
not concern ourselves with the reasons given for the judgment. We

will content ourselves with a designation of one tenable reason why, in the present state of the record, no other result could have been reached.

It seems to be well settled that proof of classification and appraisement is a prerequisite to recovery in a suit of this sort. Mere allegation will not answer. The act of the Commissioner in undertaking to make the sale does not establish it prima facie. The presumption reasonably indulged in favor of the regularity of official acts is not indulged in aid of such sales. The establishment of that distinct fact has been held to be one of the essentials of a plaintiff's case, so that no recovery can be had without it. The following authorities seem to settle the matter beyond question :- Martin v. McCarthy, 74 Texas, 134; Thompson v. Autry, 52 S. W. Rep., 580; Anderson v. Walker, 95 Texas, 596, 6 Texas Ct. Rep., 251; Hardeman v. Crawford, 3 Texas Ct. Rep., 871; Reeves v. Smith, 23 Texas Civ. App., 711.

For the reasons given the judgment of the trial court is affirmed.

*Affirmed.*

Writ of error refused.