HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v.
J. W. JENNINGS.

Decided June 15, 1904.

**1.—Railway—Fellow Servant—Operating Cars.**
A section hand injured by the negligence of another section hand while placing their hand car on the track to return from work at the close of the day, was engaged in the operation of a car within the meaning of article 4560ea, Batts' Rev. Stats., giving him a right to recover from the master for such negligence of his fellow servant.

**2.—Charge.**
No error appears in a charge on negligence using the term "great weight" in regard to a hand car, though the evidence showed it to be light for a hand car.

**3.—Charge—Pleading.**
Submission of the question whether a hand car, in falling, struck plaintiff, was not unsupported by pleading which alleged that in falling it jerked him forward "striking his head and face against said car."

Appeal from the District Court of Travis. Tried below before Hon. George Calhoun.

*S. R. Fisher, J. H. Tallichet,* and *Baker, Botts, Parker & Garwood,* for appellant.

*John Dowell,* for appellee.

FISHER, CHIEF JUSTICE.—This suit is by the appellee against the railroad company for damages arising from personal injuries alleged to have been suffered by the plaintiff while in the service of the defendant as a section hand, on account of the alleged negligence of a fellow servant in carelessly and negligently dropping one end of the hand car while the plaintiff and the other section hands were attempting to place the same on the track. The appellant's answer consists of a general and special demurrer, general denied, contributory negligence and assumed risk, and that the plaintiff's injuries were caused by the negligence of a fellow servant; and at the time and place of the accident they were not engaged in operating the hand car. Verdict and judgment were in appellee's favor for $500..

We find that the plaintiff was injured at the time and place and in the manner substantially as alleged in his petition, and that at said time, to wit, on the 23d of August, 1902, he was in the employ of the railway company as a section hand under the control of one Alf Johnson, the section foreman; and that in the performance of his work as a section hand, he and the section foreman and his colaborers, the other section hands were required to use a hand car going to and coming from their work. That on the day of his injuries he and the section foreman and other section hands went to their work on the appellant's track on the hand car used for that purpose; and when they reached the place where they desired to work the car was lifted from the track and placed

near it. That in the evening, when they were through their work and ready to go home, he and the other section hands were directed by the foreman to place the hand car on the track; that the object and purpose of placing the hand car on the track was that it should then be used to carry the workmen, the section foreman and the tools back to their home.

The plaintiff's evidence upon this subject is that the section boss stated to him and the other section hands to "put the car on the track and we'll go home," and that the intention and purpose and object of so putting the car on the track was to go home, as they had ceased work for the day. Especial attention is directed to the evidence bearing upon this question as found in the record, for it is insisted by appellant that the car was being replaced upon the track for the purpose of being used by the appellee and the other section hands for their own private benefit to go to a nearby town in order to get a keg of beer. The appellee denies that such was the purpose, and states in his evidence that the object in placing the hand car upon the track was to convey him and the other section men back to their home; and we find as a fact that such was the purpose in replacing the hand car upon the track.

On the subject as to how the appellee was injured, and as bearing upon the negligence of the appellant in causing the injury, we repeat his evidence:

"Alf Johnson ordered us to put it [meaning the hand car] back on the track. Gilliland, Shaw, Leatherwood [section men] and I took hold of the car in attempting to place it back on the track. Leatherwood was at the end with me and was facing me. We were going to put the car on the track to go home, as we were through with our work that evening. Mr. Johnson ordered us to put the car on the track, and he was there present. The car was sitting this way with the track, and we all took hold of it and had to take it around. Leatherwood and I went around with it, and as we came up on the track, and just before we got ready to let the car down, Leatherwood dropped the car. He just went down with it this way, and jerked me in this way, and hit the side of my head and bent my ribs in there. I did not know that Leatherwood was going to turn loose. He did not make any statement about turning the car loose until after he had dropped it. I was injured in my side. When we were handling the car, I just took it up like the balance of them and started to the track with it, and just as we got to the track Leatherwood turned it loose, and his end of the car went down and missed the rail, and went on to the ground and jerked me over. I did not in any way cause the car to fall. I never turned it loose."

Leatherwood was one of the section hands jointly aiding the plaintiff and the other section hands to place the car on the track; and we find that Leatherwood negligently or carelessly dropped his end of the car, and as a result of such negligence, the plaintiff sustained some of the injuries substantially as pleaded.

The first and second assignments of error complain of the action of

the trial court in overruling appellant's general and special demurrers. These demurrers raised the question that placing the hand car upon the track was not the operation of the car within the terms of the statute that makes the railway company liable for the negligence of a fellow servant that occurs during the progress of the operation of a car; and that as it is conceded in the pleadings that the plaintiff's injuries were the result of the negligence of a fellow servant, that he should not recover.

In Texas & Pac. Ry. Co. v. Welch, 7 Texas Ct. Rep., 34, and Seery v. Gulf C. & S. F. Ry., Co., 8 Texas Ct. Rep., 927, it is held that a hand car when being operated is a car within the meaning of the statute in question. In the first case a writ of error was refused. In the last case the facts as to use are somewhat similar to the facts in this case. There the plaintiff was injured while the car was being placed on the track for use. It was held that this was the operation of a car within the meaning of the statute. As we construe the case of Gulf C. & S. F. Ry. Co. v. Howard, 80 S. W. Rep., 229, relied on by the appellant, it does not conflict with the cases cited. Therefore, we are of the opinion that the court committed no error in overruling appellant's demurrers.

The charge of the court on the subject of negligence, as complained of in the third assignment of error, was correct. There is no merit in the fourth assignment of error. The court in using the expression concerning the hand car, that it was of great weight, merely followed the statement contained in appellee's petition. The hand car was doubtless of great weight, but possibly was a light car of its class. The fact that there was evidence showing that the hand car was a light car does not mean to determine that the car itself was light, but that it was light in weight for a car of its class. It may have been light as a hand car, but still heavy as an object when attempted to be controlled or handled by one man in order to prevent its falling; and while it might be considered light as a hand car, its weight might be so great that the fall of it might seriously injure one who might be affected by the fall.

The fifth assignment of error complains of the sixth paragraph of the charge, because it submits to the jury the question whether or not the hand car in falling struck and injured the plaintiff, for the reason, as contended, that there is no allegation nor proof upon that subject. The averments of the petition upon this subject, as stated on page 3 of the record, are as follows: "The said Leatherwood negligently, carelessly and intentionally, without any warning or information whatever to petitioner, let said hand car drop or slip out of his hands, and that the same, on account of its great weight, instantly dropped and fell to the ground, falling with great force and violence, and jerked petitioner forward, twisting of his body, bending and breaking three of his ribs on his left side, and striking his head and face against said car with great force and violence, and injuring, bruising and hurting the same badly; and further, if said ribs were not broken, they were badly injured."

This is an express averment on the subject complained of in the assign-

ment. There is evidence in the record of the plaintiff, to the effect that his head hit the car. In other words, we construe his evidence upon this subject, as stated on page 31 of the record, to be to this effect.

There was no error in the charge complained of as set out under appellant's sixth assignment of error. The question suggested in the assignment, that is, that the car was being used for the private purpose of the plaintiff and other section men, was submitted to the jury by appellant's instruction number 2, which was given by the court.

The seventh and eighth assignments of error complain of the refusal of the trial court to give to the jury appellant's special instructions numbers 3 and 5. The questions submitted in charge number 3 were practically given to the jury in the main charge of the court. The questions raised by special instruction number 5 are practically the same as was submitted to the jury by appellant's instruction number 2. The only proposition submitted under these assignments relates to the question as to whether the plaintiff was injured when in the performance of his duties, or whether he was using the hand car for his own purpose at that time. As said before, this issue was covered by a previous special instruction requested by the appellant, which was given.

We are of the opinion that the charge of the court is not subject to the criticism urged against it in the ninth assignment of error.

The remaining assignments are directed to the action of the court in overruling appellant's motion for a new trial, on the ground that the verdict is opposed to the evidence. Our findings of fact dispose of these assignments.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused November 28, 1904.