GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
WILLIAM MOHRMANN.

Decided March 21, 1906.

**1.—Fellow Servant—Act Construed—Operating Train.**

A clerk and warehouseman, under the orders and control of a railroad
station agent, is not engaged in operating a train of cars, within the meaning
of the statute, while preparing a cattle chute, gang-plank and car door for
the purpose of unloading cattle from a train into cattle pens at a station.
Sayles Civ. Stats. article 4560f. Nor is such clerk a fellow servant with
the brakeman and other employees operating the train, within the meaning
of the statute, because they are not in the same grade of employment. Sayles
Civ. Stats. article 4560h.

**2.—Pleading—Contributory Negligence—Charge.**

Where a pleader, in pleading contributory negligence, pleads conjunc-
tively all the acts relied on to constitute such negligence, and the court in
submitting the issue uses the language of the pleading, it is the duty of the
party alleging contributory negligence to request a charge submitting the
supposed acts of negligence disjunctively, if he relies on any one of said acts
as constituting contributory negligence.

Appeal from the District Court of Gonzales County. Tried below
before Hon. M. Kennon.

*Baker, Botts, Parker & Garwood, T. F. Harwood,* and *J. S. Mc-
Eachin,* for appellant.—The court erred in overruling defendant's ex-
ceptions to plaintiff's first amended original petition, which exceptions
were, in effect, that the petition showed that the injury, if any, oc-
curred through the act of a fellow-servant, and does not show negli-
gence on the part of the defendant company. Sayles R. S., art.
4560h; Gulf, C. & S. F. Ry. Co. v. Howard, 80 S. W. Rep., 229;
Galveston, H. & S. A. Ry. Co. v. Cloyd, 78 S. W. Rep., 44; Cloyd
v. Galveston, H. & S. A. Ry. Co., 84 S. W. Rep., 409; Consumers'
Cotton Oil Co. v. Jonte, 80 S. W. Rep., 850; Oriental Inv. Co. v.
Sline, 41 S. W. Rep., 131; R. S., art. 4560a; Lawrence v. Texas
C. Ry. Co., 61 S. W. Rep., 342; Lakey v. Texas & P. Ry. Co., 75
S. W. Rep., 567.

The court erred in refusing to charge the jury that the testimony
showed that the plaintiff, William Mohrmann, and Leo Cone were
fellow-servants within the meaning of our law; that the injuries
of plaintiff, if any, occurred through the acts of a fellow-servant,

and for those reasons the jury should return a verdict for the defendant company. Batts' Annotated St., arts. 4560f and 4560g; Gulf, C. & S. F. Ry. Co. v. Howard, 80 S. W. Rep., 229; Wells, Fargo & Co. v. Page, 68 S. W. Rep., 528; Cloyd v. Galveston, H. & S. A. Ry. Co., 84 S. W. Rep., 409; St. Louis, A. & T. Ry. Co. v. Welch, 72 Texas, 302; Consumers' Cotton Oil Co. v. Jonte, 80 S. W. Rep., 850; Oriental Inv. Co. v. Sline, 41 S. W. Rep., 131.

The plaintiff was not engaged at the time of his injury in the operation of a car, locomotive or engine, within the meaning of the statute. Lawrence v. Texas Central Railway Co., 61 S. W. Rep., 342; Lakey v. Texas & Pac. Railway Co., 75 S. W. Rep., 566; Gulf, C. & S. F. Ry. Co. v. Howard, 80 S. W. Rep., 229.

The court committed error on the trial of said cause in refusing to give special instruction No. 2, requested by defendant, which, in substance, submits to the jury, to be found as a matter of fact, whether or not under the testimony the plaintiff and the two brakemen, A. C. McCown and Leo Cone, were, at the time they were placing the runningboard and unloading the cattle, performing duties in the same grade of employment and acting together under circumstances which, if true, would constitute them fellow-servants. Wells, Fargo & Co. v. Page, 68 S. W. Rep., 528; Texas & Pac. Ry. Co. v. Scott, 64 Texas, 551; Gresham v. Chambers, 80 Texas, 550; McGown v. International & G. N. R. R. Co., 85 Texas, 293; Cloyd v. Galveston, H. & S. A. Ry. Co., 84 S. W. Rep., 409.

It was incumbent upon the plaintiff to prove by a preponderance of the evidence that the brakeman Cone, in attempting to place the runningboard, was acting within the scope of his duties as a brakeman. International & G. N. Ry. Co. v. Anderson, 82 Texas, 520; Texas & N. O. R. R. v. Skinner, 4 Texas Civ. App., 663.

Where a servant in one department of a railroad company goes voluntarily to the assistance of a servant in another, and different, department; and, as an accommodation, renders him assistance which could not be required of him under the contract of employment, he is a volunteer, and the employer is not liable for an injury occasioned by his negligence in rendering such assistance. Bonner, Receiver, v. Bryant, 1 Texas Civ. App., 271; Bonner, Receiver, v. Bryant, 79 Texas, 540; Southern Ry. v. Guyton, 25 Sou. Rep., 34; Texas & N. O. R. R. v. Skinner, 4 Texas Civ. App., 663; 3 Baxter, 426 (59 Tenn.).

The court erred in its charge to the jury, in this, to wit: that paragraph 7 is onerous and misleading, and requires the jury, in order to find for defendant, not only to find that the plaintiff, in performing his duties in preparing the car and chute for unloading the cattle, obtained the aid and assistance of the brakeman Cone, who was not employed by the defendant to perform the duties of preparing the car and chute for the unloading of the cattle, and who was not accustomed to do so, but also requires them to find that plaintiff stood in the way of the runningboard, and negligently failed to exercise due care in the placing of the runningboard; whereas, in law and in fact, the defendant would be entitled to a verdict if the jury found either that plaintiff, in performing his said du-

ties, obtained the assistance of Cone, who was not employed to perform these duties, and who was not accustomed to do so, or that plaintiff stood in the way of the runningboard and negligently failed to exercise due care. International & G. N. R. R. Co. v. Anderson, 82 Texas, 520; Branch v. International & G. N. R. R. Co., 92 Texas, 292; Galaviz v. International & G. N. R. R. Co., 15 Texas Civ. App., 62; St. Louis S. W. Ry. Co. v. Mayfield, 79 S. W. Rep., 365; International & G. N. R. R. Co. v. Neff, 87 Texas, 307; Galveston, H. & S. A. Ry. Co. v. Pendleton, 70 S. W. Rep., 996; Texas & P. Ry. Co. v. Lester, 75 Texas, 60; Davis v. Missouri, K. & T. Ry., 17 Texas Civ. App., 199; San Antonio & A. P. Ry. v. Bennett, 76 Texas, 155; Newcomb v. New York Central & H. R. Ry. Co., 81 S. W. Rep., 1079.

*J. W. Rainbolt, Terrell, Hopkins & Terrell,* for appellee.—As against the first assignment of error: Gulf, C. & S. F. Ry. Co. v. Elmore, 79 S. W. Rep., 891.

As against the second assignment of error: Sayles R. S., art. 4560f; Texas & P. Ry. Co. v. Webb, 72 S. W. Rep., 1044; Sayles R. S., art. 4560h; International & G. N. Ry. Co. v. Still, 88 S. W. Rep., 257; International & G. N. Ry. Co. v. Anderson, 82 Texas, 520; Masterson v. Galveston, H. & S. A. Ry. Co., 42 S. W. Rep., 1002; Gulf, C. & S. F. Ry. Co. v. James, 73 Texas, 22.

### ON MOTION FOR REHEARING.

NEILL, Associate Justice.—This appeal is from a judgment in favor of the appellee for $5,000 damages for personal injuries alleged to have been inflicted by the negligence of appellant.

The plaintiff alleged as his cause of action that on August 20, 1904, and prior thereto, he was in the employ of the defendant as a clerk and warehouseman at its station in Gonzales; that on said date cattle had been transported by defendant over its road to that station, and it became his duty in pursuance of his employment, to go to defendant's stock pens where the cattle were to be unloaded and prepare the chute and car door for the purpose of unloading the cattle; that while in the discharge of this duty he was near the chute of the pens and the car of cattle, where it was his duty to be, in view of defendant's servants and agents who knew his position, one of defendant's servants, while furthering its interest, proceeded to place the runningboard which connected the stock pens with the door of the cattle car, and while so engaged negligently dropped the runningboard, causing it to hit the side of the door within the car, which caused the board to fall and strike plaintiff's foot and leg, thereby injuring him.

It was further alleged that there were two cars of stock to be unloaded at that time and place, which, in order to do properly, required each car to be placed at the chute of the stock pens so that the runningboard could be properly placed to connect the car door with the chute; that only one car could be placed opposite the chute at a time, and that after placing and unloading the first

car, then it was necessary, in order to place the second one, for the engine and train crew to render assistance, and that in so placing the cars for unloading, such employees, including Cone, who let the board fall on plaintiff's foot, were furthering the interest of defendant when plaintiff was injured.

The defendant specially excepted to plaintiff's petition upon the ground that it appears from its allegations plaintiff was injured by the act of a fellow-servant, for which defendant is not liable. Defendant also answered that Cone was, while engaged in the work from which the alleged injury was caused, plaintiff's fellow-servant. The answer also contains a general denial, and pleas of contributory negligence and assumed risk.

*Conclusions of Fact.*—The appellee, on the day alleged in his petition, was in the employ of appellant as a clerk and warehouseman subject to the control and orders of its station agent at Gonzales, Texas. On that day he was directed by such station agent to go to appellant's stock pens for the purpose of unloading certain cars of cattle. In obedience to the order he went to the pens, and when in the performance of his duty in unloading the cars he was preparing the chute of the pens for unloading the cattle, one L. T. Cone, a brakeman on appellant's train in which were the cars to be unloaded, in attempting to place the runningboard connecting the chute with the car to be unloaded, negligently dropped it against the car door, causing it to fall upon and seriously and permanently injure appellee's foot. Such injury was proximately caused by said negligence of appellant's servant Cone, who was not in the same grade of employment with appellee, in his effort to perform for appellant one of the duties of his employment. The appellee was guilty of no negligence contributing to his injury, nor did the injury sustained result from any risk ordinarily incident to his employment.

*Conclusions of Law.*—The first assignment of error complains of the action of the court in overruling defendant's special exception to the petition. Under this assignment two propositions are presented, which are as follows:

1. "All persons who are engaged in the common service of a railway company, and who, while so employed, are in the same grade of employment, and are doing the same character of work or service, and are working together at the same time and place, and at the same piece of work and to a common purpose, are fellow-servants with each other."

2. "A railway company is not liable in damages to an employe sustained by reason of the negligence of a fellow-servant, unless such damage or injury was sustained while engaged in the work of operating the cars, locomotive or trains of such railway company."

It will be observed that the first proposition is premised upon the hypothesis that it appears from the face of the petition that plaintiff and defendant's employe were in the same grade of employment when the alleged negligent act occurred which caused the former's injury. We are inclined to think that such hypothesis does not necessarily arise from the allegations in the petition. It

appears to us that the petition presents, as a question of fact, whether plaintiff and Cone were in the same grade of employment when the accident occurred. This question of fact has been disposed of in our conclusions of fact, but it will be discussed and reasons given for such disposition of it under another assignment.

Were it necessary to a decision of the case, if the hypothesis upon which the first proposition is based were correct, we should without hesitation sustain the assignment; for it is apparent from the allegations in the petition that the damages sought to be recovered were not sustained by plaintiff while engaged in the work of operating the cars, locomotive or trains of the defendant. Sayles Civ. Stats., art. 4560f; Lakey v. T. & P. Ry. Co., 75 S. W. Rep., 567; Lawrence v. Texas Cent. Ry. Co., 61 S. W. Rep., 343. While it would seem from the authorities, Cone and the other trainmen, in placing the car opposite the chute for the purpose of unloading, and even in placing the gangplank preparatory to unloading the car, were engaged in the work in operating the train, or cars (Texas & P. Ry. v. Webb, 72 S. W. Rep., 1045; Seery v. Gulf, C. & S. F. Ry., 77 S. W. Rep., 951; Houston & T. C. Ry. Co. v. Jennings, 81 S. W. Rep., 822), within the meaning of the statute referred to, yet it appears from the allegations of plaintiff, as well as the evidence, that the work he was performing in the discharge of his duty as clerk or warehouseman was simply preparing the chute and car door for the purpose of unloading the cattle, and that he had nothing to do with operating the train. But however this may be, as the court did submit to the jury as a ground of appellee's recovery the question whether when injured he was engaged in the work of operating the cars of appellant, such question, so far as this assignment is concerned, is immaterial; for the case stands as though the exception had been sustained to that part of the petition which sought to present such an issue.

The second assignment of error complains that the court erred in refusing to instruct the jury at defendant's request that, "the evidence shows that at the time the injury is alleged to have occurred plaintiff and Leo Cone were fellow-servants within the meaning of our law, and his injuries occurred through the acts of a fellow-servant, and the defendant is in no wise responsible or liable therefor, and therefore to return a verdict for the defendant."

"All persons who are engaged in the common service of. . . a corporation controlling or operating a railroad, . . . and who while so employed are in the same grade of employment and are doing the same character of work or service and are working together at the same time and place and at the same piece of work and to a common purpose, are fellow-servants of each other. Employees who do not come within the provisions of this article shall not be considered fellow-servants." Sayles Stats., art. 4560h. It is apparent from the undisputed evidence that neither Cone nor plaintiff was a vice-principal as to the other; for neither was entrusted by the defendant with the authority of superintendence, control or command over the other, nor with the authority to direct the other in the performance of any duty. Let it be assumed for the purpose of disposing of the

assignment that the undisputed evidence shows that appellee and Cone were doing the same character of work or service and were working together at the same time and place and at the same piece of work to the common purpose of unloading the cattle car, yet they would not under the statute be fellow-servants, if it appears from the undisputed evidence that while so employed they were not in the same grade of employment.

The evidence is uncontradicted and establishes beyond controversy that at the time appellee was injured he was employed by appellant as a clerk and warehouseman, working under the orders of its station agent, J. M. Murphy, and that Cone was employed as a brakeman, working under the orders of J. E. Conrad, the conductor of the train. From this evidence, under the decision of Gulf, C. & S. F. Ry. Co. v. Elmore, 79 S. W. Rep., 891, it is apparent that appellee and Cone were not in the same grade of employment when the former was injured. Consequently they were, as a matter of law, not fellow-servants within the meaning of article 4560h, Sayles Statutes.

The seventh paragraph of the court's charge which is as follows: "If you find from the evidence that the plaintiff in performing his duties in preparing the car and the chute for unloading the cattle, obtained the aid and assistance of Cone, who was not employed by defendant to perform the services and who was not accustomed to do so, and stood in the way of the runningboard, and failed to exercise due care in the placing of the board, and that this was negligence on the part of the plaintiff, which contributed to his injuries, if any he received, you will find for the defendant. Contributory negligence must be established by a preponderance of the evidence," is complained of as error.

The charge submits the issue of contributory negligence in the very language pleaded by the appellant. As all the facts relied upon to constitute contributory negligence are plead conjunctively, if appellant deemed that there was evidence tending to prove one or more of the facts alleged, less than all, and that such proof would warrant the jury in finding the appellee guilty of contributory negligence, it should have prepared and requested a special charge submitting such theory of contributory negligence to the jury. Gulf, C. & S. F. Ry. Co. v. Hill, 85 Texas, 629; Ratteree v. Galveston, H. & S. A. Ry. Co., 81 S. W. Rep., 566; International & G. N. Ry. v. Vanlandingham, 85 S. W. Rep., 849; Crowder v. St. Louis S. W. Ry. Co., 78 S. W. Rep., 46. Certainly the paragraph of the charge presented no affirmative error. Besides, the sixth paragraph of the charge instructs the jury that if they should fail to find from a preponderance of the evidence that Cone, in attempting to place the runningboard, was acting within the scope of his duties as a brakeman, then, to find for the defendant regardless of any other question in the case.

The motion for a rehearing is granted, our first opinion withdrawn and the judgment is affirmed.

*Affirmed.*

Writ of error refused.