GALVESTON, HOUSTON AND SAN ANTONIO RAILWAY COMPANY v. WILLIAM MOHRMANN.

Decided March 21, 1906.

**1.—Pleading—Fellow Servant—Loading Cattle.**

Petition and exception thereto considered, and held that the conclusion does not necessarily arise from the allegations in the petition that plaintiff and defendant's servant were in the same grade of employment at the time the alleged negligent act occurred. Plaintiff, while clerk and warehouseman of appellant at one of its stations and in pursuance of his duties as such, was engaged in preparing the chute and car door for the purpose of unloading cattle, when one of the trainmen proceeded to place the running board, which

connected the stock pens with the car door, and while so engaged, negligently dropped the running board, thereby injuring plaintiff. Held, that under the allegations of the petition, plaintiff was not engaged in operating defendant's cars.

**2.—Master not Responsible for Negligence of Servant in Services Beyond Scope of Employment.**

The evidence tended to show that the duty of preparing the car and chute devolved upon plaintiff alone, and that he himself engaged the trainman to assist him; if this was the fact, then defendant would not be liable for the negligence of the trainman in performing said services, whether plaintiff was guilty of contributory negligence or not. Failure to so charge was error.

Appeal from District Court of Gonzales. Tried below before Hon. M. Kennon.

*Baker, Botts, Parker & Garwood, T. F. Harwood* and *J. S. McEachin,* for appellant.—The court erred in overruling defendant's exceptions to plaintiff's first amended original petition, which exceptions were, in effect, that the petition showed that the injury, if any, occurred through the act of a fellow-servant, and does not show negligence on the part of the defendant company. Sayles Rev. Stats., art. 4560h; Gulf, C. & S. F. Ry. Co. v. Howard, 80 S. W. Rep., 229; Galveston, H. & S. A. Ry. Co. v. Cloyd, 78 S. W. Rep., 44; Cloyd v. Galveston, H. & S. A. Ry. Co., 84 S. W. Rep., 409; Consumers' Cotton Oil Co. v. Jonte, 80 S. W. Rep., 850; Oriental Inv. Co. v. Sline, 41 S. W. Rep., 131; Rev. Stats., art. 4560ea; Lawrence v. Texas, C. Ry. Co., 61 S. W. Rep., 342; Lakey v. Texas & P. Ry. Co., 75 S. W. Rep., 567.

The court erred in refusing to charge the jury that the testimony showed that the plaintiff, William Mohrmann, and Leo Cone were fellow-servants within the meaning of our law; that the injuries of plaintiff, if any, occurred through the acts of a fellow-servant, and for those reasons the jury should return a verdict for the defendant company. Batts' Annotated St., arts. 4560f and 4560g; Gulf, C. & S. F. Ry. Co. v. Howard, 80 S. W. Rep., 229; Wells, Fargo & Co. v. Page, 68 S. W. Rep., 528; Cloyd v. Galveston, H. & S. A. Ry. Co., 84 S. W. Rep., 409; St. Louis, A. & T. Ry. Co. v. Welch, 72 Texas, 302; Consumers' Cotton Oil Co. v. Jonte, 80 S. W. Rep., 850; Oriental Inv. Co. v. Sline, 41 S. W. Rep., 131.

The plaintiff was not engaged at the time of his injury in the operation of a car, locomotive or engine, within the meaning of the statute. Lawrence v. Texas Central Railway Co., 61 S. W. Rep., 342; Lakey v. Texas & Pac. Railway Co., 75 S. W. Rep., 566; Gulf, C. & S. F. Ry. Co. v. Howard, 80 S. W. Rep., 229.

The court committed error on the trial of said cause in refusing to give special instruction No. 2 requested by defendant, which, in substance, submits to the jury, to be found as a matter of fact, whether or not under the testimony the plaintiff and the two brakemen, A. C. McCown and Leo Cone, were, at the time they were placing the running-board and unloading the cattle, performing duties in the same grade of employment and acting together under circumstances which, if true, would constitute them fellow-servants. Wells, Fargo & Co. v. Page, 68 S. W. Rep., 528; Texas & Pac. Ry. Co. v. Scott, 64 Texas, 551; Gresham

v. Chambers, 80 Texas, 550; McGown v. International & G. N. R. R. Co., 85 Texas, 293; Cloyd v. Galveston, H. & S. A. Ry. Co., 84 S. W. Rep., 409.

It was incumbent upon the plaintiff to prove by a preponderance of the evidence that the brakeman Cone, in attempting to place the running-board, was acting within the scope of his duties as a brakeman International & G. N. Ry. Co. v. Anderson, 82 Texas, 520; Texas & N. O. R. R. v. Skinner, 4 Texas Civ. App., 663.

Where a servant in one department of a railroad company goes voluntarily to the assistance of a servant in another and different department; and, as an accommodation, renders him assistance which could not be required of him under the contract of employment, he is a volunteer, and the employer is not liable for an injury occasioned by his negligence in rendering such assistance. Bonner, Receiver, v. Bryant, 1 Texas Civ. App., 271; Bonner, Receiver, v. Bryant, 79 Texas, 540; Southern Ry. v. Guyton, 25 Sou. Rep., 34 (Ala.); Texas & N. O. R. R. v. Skinner, 4 Texas Civ. App., 663; 3 Baxter, 426 (59 Tenn.).

The court erred in its charge to the jury, in this, to wit: that paragraph 7 is onerous and misleading, and requires the jury, in order to find for defendant, not only to find that the plaintiff, in performing his duties in preparing the car and chute for unloading the cattle, obtained the aid and assistance of the brakeman Cone, who was not employed by the defendant to perform the duties of preparing the car and chute for the unloading of the cattle, and who was not accustomed to do so, but also requires them to find that plaintiff stood in the way of the running-board, and negligently failed to exercise due care in the placing of the running-board; whereas, in law and in fact, the defendant would be entitled to a verdict if the jury found either that plaintiff, in performing his said duties, obtained the assistance of Cone, who was not employed to perform these duties, and who was not accustomed to do so, or that plaintiff stood in the way of the running-board and negligently failed to exercise due care. International & G. N. R. R. Co. v. Anderson, 82 Texas, 520; Branch v. International & G. N. R. R. Co., 92 Texas, 292; Galaviz v. International & G. N. R. R. Co., 15 Texas Civil App., 62; St. Louis S. W. Ry. Co. v. Mayfield, 79 S. W. Rep., 365; International & G. N. R. R. Co. v. Neff, 87 Texas, 307; Galveston, H. & S. A. Ry. Co. v. Pendleton, 70 S. W. Rep., 996; Texas & P. Ry. Co. v. Lester, 75 Texas, 60; Davis v. Missouri, K. & T. Ry., 17 Texas Civ. App., 199; San Antonio & A. P. Ry. v. Bennett, 76 Texas, 155; Newcomb v. New York Central & H. R. Ry. Co., 81 S. W. Rep., 1079.

*J. W. Rainbolt, Terrell, Hopkins & Terrell,* for appellee.—As against the first assignment of error: Gulf, C. & S. F. Ry. Co. v. Elmore, 79 S. W. Rep., 891.

As against the second assignment of error: Sayles Rev. Stats., art. 4560f; Texas & P. Ry. Co. v. Webb, 72 S. W. Rep., 1044; Sayles Rev. Stats., art. 4560h; International & G. N. Ry. Co. v. Still, 88 S. W. Rep., 257; International & G. N. Ry. Co. v. Anderson, 82 Texas, 520; Masterson v. Galveston, H. & S. A. Ry. Co., 42 S. W. Rep., 1002; Gulf, C. & S. F. Ry. Co. v. James, 73 Texas, 22.

NEILL, Associate Justice.—This appeal is from a judgment in favor of the appellee for $5,000 damages for personal injuries alleged to have been inflicted by the negligence of appellant. The plaintiff alleged as his cause of action that on August 20, 1904, and prior thereto, he was in the employ of the defendant as a clerk and warehouseman at its station in Gonzales; that on said date cattle had been transported by defendant over its road to that station and it became his duty in pursuance of his employment to go to defendant's stockpens where the cattle were to be unloaded and prepare the chute and car door for the purpose of unloading the cattle; that while in the discharge of this duty he was near the chute of the pens and the car of cattle, where it was his duty to be, in view of defendant's servants and agents who knew his position, one of defendant's servants, while furthering its interest, proceeded to place the running-board, which connected the stock pens with the door of the cattle car, and while so engaged, negligently dropped the running-board causing it to hit the side of the door within the car, which caused the board to fall and strike plaintiff's foot and leg, thereby injuring him. It was further alleged that there were two cars of stock to be unloaded at that time and place, which, in order to do properly, required each car to be placed at the chute of the stock pens so that the running-board could be properly placed to connect the car door with the chute; that only one car could be placed opposite the chute at a time, and that after placing and unloading the first car, then it was necessary, in order to place the second one, for the engine and train crew to render assistance, and that in so placing the cars for unloading, such employes, including Cone, who let the board fall on plaintiff's foot, were furthering the interest of defendant when plaintiff was injured.

The defendant specially excepted to plaintiff's petition upon the ground that it appears from its allegations plaintiff was injured by the act of a fellow-servant, for which defendant is not liable. Defendant also answered that Cone was, while engaged in the work from which the alleged injury was caused, plaintiff's fellow-servant. The answer also contains a general denial, and pleas of contributory negligence and assumed risk.

*Opinion.*—The first assignment of error complains of the action of the court in overruling defendant's special exception to the petition. Under this assignment two propositions are presented, which are as follows:

"1.   All persons who are engaged in the common service of a railway company, and who, while so employed, are in the same grade of employment, and are doing the same character of work or service, and are working together at the same time and place, and at the same piece of work and to a common purpose, are fellow-servants with each other."

"2.   A railway company is not liable in damages to an employe sustained by reason of the negligence of a fellow-servant, unless such damage or injury was sustained while engaged in the work of operating the cars, locomotives or trains of such railway company."

It will be observed that the first proposition is premised upon the hypothesis that it appears from the face of the petition that plaintiff and defendant's employe, Cone, were in the same grade of employment when the alleged negligent act occurred which caused the former's in-

jury. We are inclined to think that such hypothesis does not necessarily arise from the allegations in the petition. It appears to us that the petition presents as a question of fact whether plaintiff and Cone were in the same grade of employment when the accident occurred. This question of fact is presented for our consideration under another assignment. If the hypothesis upon which the first proposition is based were correct we should without hesitation sustain the assignment; for it is apparent from the allegations in the petition that the damages sought to be recovered were not sustained by plaintiff while engaged in the work of operating the cars, locomotive or trains of the defendant. (Sayles Civ. Stats., art. 4560f; Lakey v. Texas & P. Ry. Co., 75 S. W. Rep., 567; Lawrence v. Texas Cent. Ry. Co., 61 S. W. Rep., 343.) While it would seem from the authorities that Cone and the other trainmen, in placing the car opposite the chute for the purpose of unloading and even in placing the gang-plank preparatory to unloading the car, were engaged in the work in operating the train or cars (Texas & P. Ry. v. Webb, 72 S. W. Rep., 1045; Seery v. Galveston, C. & S. F. Ry., 77 S. W. Rep., 951; Houston & T. C. Ry. Co. v. Jennings, 81 S. W. Rep., 822), within the meaning of the statute referred to, yet it appears from the allegations of plaintiff that the work he was performing in the discharge of his duty as clerk or warehouseman was simply preparing the chute and car door for the purpose of unloading the cattle and that he had nothing to do with operating the train, or if he did, it was as a mere volunteer and not in the performance of the duty of his employment.

The second assignment of error complains that the court erred in refusing to instruct the jury at defendant's request that the evidence shows that at the time the injury is alleged to have occurred plaintiff and Leo Cone were fellow-servants within the meaning of our law, and his injuries occurred through the acts of a fellow-servant, and the defendant is in no wise responsible or liable therefor, and therefore, to return a verdict for the defendant. Unless the undisputed evidence establishes beyond question all the facts essential to constitute the relation of fellow-servant between plaintiff and Cone at the time of the accident, and excludes such facts as would destroy the existence of such relation, the charge was properly refused.

"All persons who are engaged in the common service of . . . a corporation controlling or operating a railroad, . . . and who, while so employed, are in the same grade of employment and are doing the same character of work or service and are working together at the same time and place and at the same piece of work and to a common purpose, are fellow servants of each other. Employes who do not come within the provisions of this article shall not be considered fellow servants." (Sayles' Stats., art. 4560h.) It is apparent from the undisputed evidence that neither Cone nor plaintiff was a vice-principal as to the other; for neither was entrusted by the defendant with the authority of superintendence, control or command over the other, nor with authority to direct the other in the performance of any duty. The undisputed evidence shows that they were working together at the same time and place and at the same piece of work to the common purpose of unloading the cattle car. But it is not clear to our minds from the evidence that they were in the

"same grade of employment" and "doing the same character of work." within the contemplation of the statute quoted. As to whether these essential requisites to their being fellow servants were proven, were, under the state of the evidence exhibited by the record, in our opinion questions of fact for the determination of the jury.

These questions, however, should in view of the evidence, have been submitted in the manner requested by defendant in special charge No. 2, which is in substance, that if the duty of plaintiff as warehouseman was to prepare the chute, place the running-board and unload the cattle, and if, as brakeman, the same duty, in addition to other duties, rested upon Cone; and if, after the cattle cars were placed at the stock pens, Cone, in the performance of his duty, undertook to fix the chute and place the running-board preparatory to unloading the cattle, and if while performing such duty plaintiff was injured in the manner alleged by his negligence such injury was from an act of a fellow servant and, therefore, to find for the defendant. (Cloyd v. Galveston, H. & S. A. Ry. Co., 84 S. W. Rep., 409; Galveston, H. & S. A. Ry. Co. v. Cloyd, 78 S. W. Rep., 44.) By the charge requested defendant sought to have presented affirmatively a material defensive issue raised by its pleadings, and which the evidence tended to support. As it was not presented in this manner by the main charge, it was error to refuse the one requested. (Gresham v. Chambers, 80 Texas, 550; McGown v. International & G. N. Ry., 85 Texas, 293.)

The seventh paragraph of the court's charge which is as follows: "If you find from the evidence that the plaintiff, in performing his duties in preparing the car and the chute for unloading the cattle, obtained the aid and assistance of Cone, who was not employed by defendant to perform the services and who was not accustomed to do so, and stood in the way of the running-board, and failed to exercise due care in the placing of the board, and that this was negligence on the part of the plaintiff, which contributed to his injuries, if any he received, you will find for the defendant. Contributory negligence must be established by a preponderance of the evidence," is complained of as error.

There was evidence strongly tending to show that it was no part of Cone's duty of employment to prepare the car and chute for unloading the cattle, but that such duty devolved upon plaintiff alone, and that he himself engaged Cone to assist him in its performance. If the jury found from the evidence such to be the facts, then, however negligent Cone may have been in performing services which were beyond the scope of his employment or duty to the company, the defendant would not be liable for the consequences of his negligence, whether plaintiff was guilty of contributory negligence or not. Therefore, it was affirmative error in that part of the charge complained of to require the jury to find the plaintiff guilty of contributory negligence before they could find for the defendant.

We need not discuss the remaining assignments, which complain of the insufficiency of the evidence to support the verdict.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Writ of error refused.