FT. WORTH & R. G. RY. CO. v. KEITH.
(No. 27–2656.)

(Commission of Appeals of Texas, Section A. Feb. 19, 1919.)

1. TRIAL ☞295(7) — INSTRUCTIONS — CONSTRUCTION AS A WHOLE.

In an action for death of a person who, after having alighted from defendant's train, boarded it again, and immediately tried to get off to get to another train, whereby he was killed, instructions construed as a whole *held* not erroneous as requiring as a prerequisite to a verdict for defendant that the jury find both that deceased left the train without being induced to do so by the porter, and that he was guilty of contributory negligence in so doing.

2. TRIAL ☞228(1)—SUBMISSION OF ISSUES—ISSUE PLEADED CONJUNCTIVELY.

Where the facts constituting the alleged contributory negligence are pleaded conjunctively, no affirmative error will arise in submitting the issues in that form.

3. APPEAL AND ERROR ☞216(3)—RESERVATION OF OBJECTIONS—INSTRUCTIONS.

Where the defect in an instruction is one of omission, the case will not be reversed in the absence of a request below for an instruction supplying such omission.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Martha A. Keith against the Ft. Worth & Rio Grande Railway Company for wrongful death. Judgment for plaintiff was affirmed by the Court of Civil Appeals (163 S. W. 142), and defendant brings error. Affirmed in accordance with the recommendation of the Commission of Appeals.

Andrews, Ball & Streetman, of Houston, and Marshall Ferguson, of Stephenville, for plaintiff in error.

J. B. Keith, of Stephenville, and R. L. Carlock, of Ft. Worth, for defendant in error.

STRONG, J. This is an action by Martha A. Keith against the Ft. Worth & Rio Grande Railway Company for damages on account of the death of her adult son, Edward W. Keith, alleged to have been caused through the negligence of defendant company. The judgment of the lower court was for plaintiff, which was affirmed by the Court of Civil Appeals. 163 S. W. 142.

On the night of his death, Edward W. Keith took passage at Ft. Worth, Tex., on defendant's passenger train for Stephenville, his home. When the train reached Stephenville, Keith was asleep and did not know that the train had passed the station until it had reached a point about a mile beyond Stephenville. A heavy rain was falling, and, at the suggestion of the conductor, he decided he would go on to Harbin, a distance of some eight miles, where the train on which he was riding would meet a north-bound passenger train, upon which he could return to Stephenville. Upon reaching Harbin, Keith alighted from the train and was informed by the porter that the north-bound train was on the siding. He thereupon started in that direction and the train from which he had departed resumed its journey. Being unable to see the north-bound train, Keith reboarded the south-bound train while in motion, and in an effort to immediately again alight therefrom was killed.

The contention of plaintiff was that Keith reboarded the south-bound train for the purpose of continuing passage thereon, and that he was commanded, directed, and induced by defendant's porter to leave the train while in motion. The defendant's theory of the case was that, after reboarding the train, Keith discovered the north-bound train on the siding, whereupon he voluntarily and over the protest of the porter attempted to leave the train while in motion, and that in so doing he was guilty of contributory negligence.

The trial court, in charging the jury, made plaintiff's right to recover dependent upon the alleged negligent conduct of the porter in directing and influencing Keith to leave the train at the time he was killed.

In submitting the issue of contributory negligence, the court charged the jury as follows:

"If you believe that the said Keith, at the time he attempted to leave the said train at Harbin on the west side thereof, when he fell and sustained the injuries which caused his death, left the said train voluntarily, while the said train was moving at the rate of speed shown by the evidence, and without being prompted or urged so to do by the defendant's porter, or over the protest or effort on the part of said porter to prevent him from doing so (if you find that the said porter did protest against his leaving the said train at said time, or attempted to prevent him from doing so); and if you further believe that the said Keith under all the circumstances then surrounding him in attempting to leave the said train on the west side thereof failed to exercise for his safety the care and prudence that persons of ordinary care and prudence would have exercised under the same or similar circumstances, then your verdict will be in favor of the defendant."

[1] It is insisted that this charge is erroneous because, when considered in connection with the clause, "unless you find in favor of defendant under other instructions given you in this charge," in paragraph 5 of the charge, it requires as a prerequisite to a verdict for defendant that the jury find both that Keith left the train without being induced to do so by the porter, and that he

was guilty of contributory negligence in so doing.

The portion of paragraph 5 of the charge, necessary to a clear understanding of the question presented, is as follows:

"* * * And if you further believe from the evidence that the said Keith in leaving said train at said time and place was induced to do so by the acts and words of said porter at said time, if you find that the said porter did use words or acts at said time reasonably calculated to induce the said Keith to leave said train at said time and place, and that the said Keith would not otherwise have done so, and you further find that the said Keith in leaving the said train at said time, considering all the circumstances surrounding him, exercised ordinary care, and you further find that as a result of the attempt of the said Keith to leave the said train at said time and place he stumbled or slipped and fell under the wheels of said train, and sustained injuries which caused his death, and if you further find that said porter in causing or inducing the said Keith to leave said train on the west side thereof, at the time he was killed, if you find that he did cause or induce the said Keith to do so, when viewed in the light of all the surrounding circumstances, was guilty of negligence, as that term is defined in this charge, and if you further believe that such negligence, if any, was the proximate cause of the death of the said Keith, then, if you so find and believe, you will render a verdict in favor of the plaintiff for the damages, if any, sustained by her by reason of the death of her son, Edward W. Keith (unless you find in favor of the defendant under other instructions given you in this charge)."

[2] We do not think the charge subject to the criticism urged. The several provisions of the charge must be construed in connection with the charge as a whole, and also in the light of the pleading. Defendant did not plead that deceased was guilty of contributory negligence in leaving the train at the suggestion of the porter. The plea was that deceased left the train voluntarily and over the protest of the porter, and that he was guilty of contributory negligence in so doing. The charge on this issue is substantially in the language of the plea. It is well established that where the facts constituting the alleged contributory negligence are pleaded conjunctively, no affirmative error will arise in submitting the issue in that form. Railway v. Hill, 95 Tex. 629, 69 S. W. 136; Railway v. Mohrmann, 46 Tex. Civ. App. 1, 93 S. W. 1090. In paragraph 5 of the charge, the jury was required to find both that the porter was negligent, and that deceased was not, in order to find for plaintiff. The charge on contributory negligence does not affirmatively instruct the jury to find against defendant, unless they should find both that the porter was not guilty of negligence, and that deceased was; nor does it have this effect when considered in connection with paragraph 5 of the charge.

[3] The proposition stated in the charge is, that if the porter was not guilty of negligence, and that deceased was, defendant would be entitled to a verdict. This is not an erroneous statement of law. The defect in the charge is one of omission, and in the absence of a request to submit the defenses disjunctively, no affirmative error is shown. Railway v. Hill, supra; Railway v. Brown, 78 Tex. 397, 14 S. W. 1034; Parks v. Traction Co., 100 Tex. 225, 94 S. W. 331, 98 S. W. 1100; Railway v. Haberlin, 104 Tex. 55, 133 S. W. 873; Kirby Lumber Co. v. Williams, 159 S. W. 313.

We have examined the other assignments, and believe no error is shown by any of them.

We are of opinion that the judgments of the Court of Civil Appeals and that of the trial court should be affirmed.

PHILLIPS, C. J. The judgment as recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

---

⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes