OPINION of the Court, by
Judge Bibb.
— The plaintiff sold to the defendant a tract of land lying on Benson, and to secure the title and possession thereof to the defendant, executed a mortgage on another tract of land. Clarke was evicted ; sued on the covenant in the deed, and had judgment by confession of Hamilton for £. 676 3s. 8d. damages ; and brought his bill of foreclosure of the equity of redemption, and to have the premises sold to pay the damages as aforesaid confessed.
The answer insists that the confession of damages ought not to be obligatory, because it was made accor *252 ding to an agreement to do so procured from him whilst he was under an apprehension of going to jail, for want of bail in the action of covenant. That the confession was predicated on the value of the said land, ameliorated with all the improvements, before and after the suit by which Clarke was evicted ; that for improvements made after suit, Clarke has recourse by special contract with the evictors, and the law gave him claim upon them for improvements made before notice ; that for the former* Clarke has commenced his bill in equity, against the evictors, and ior the latter he failed to ash the appointment of commissioners to assess the value, &c. according to statute, and therefore ought to bear the loss.
Upon bill brought to foreclose e« quity of redemption* and have mortgaged premises sold to satisfy the damages* equity W:1I nut ©vertíale the liquidation of those damages by the parties, ©n a suggestion that the defendant was ap prehensive of going rojail for wan: of b il in the action of .covenant*
The circuit court decreed, that Clarke should prosecute the suit for the said improvements against the evic-tors without delay, or collusion, subject to the farther order of the court; assigned a day of payment of the said damages confessed, and on failure to pay, that the defendant's equity of redemption should be foreclosed, and mortgaged property sold to pay the said damages, costs, &c. to which the defendant ha* prosecuted this writ of error.
There is no color for overhaling the confession of judgment in the action of covenant; the plaintiff could have been under no duress in the presence of the court when he confessed the judgment, and that alone would be a refutation of the defence. But it does not appear that the defendant had used any artifice, or in any manner oppressed, or constrained the plaintiff, to liquidate the damages; he had used the legal process, demanding bail as by law he was authorised to do, but used even that process with a humane and liberal indulgence.
The plaintiff Hamilton, having liquidated the damages by a confession in open court, and under such circumstances, there is no case made out for setting aside that liquidation. Upon what valuation, or by what medium, the amount confessed, was agreed between the parties, the record does hot shew. The plaintiff has exhibited proof of the estimated value of the land, as woodland, and as improved land, and would have had an inquest directed by the chancellor, or an estimate by the chancellor. But the plaintiff having waived an en-quiry in the action of covenant, by confessing judgment, *253 as before mentioned, has no claim to the interposition of the chancellor on that subject. He has not exhibited a Cross bill for a discovery, nor is his answer framed ⅛ nature of a cross bill after the manner permitted by statute. The defendant Clarke, has exhibited bis bill against the heirs of M’Cown, to have the value of the improvements made after the commencement of their $uit against him for the land, but the value of them are unliquidated ; nor does it appear that they entered into the estimation of the damages confessed. The same* may be said of the improvements before notice, if any.
JJecree affirmed.