ROBERT BURTON ET AL. VS. GEORGE BONDIES ET AL. — Appeal from Houston County.

It is not essential to the validity of a verdict that it be signed by the foreman or any member of the jury.

The appearance of a name, appended to a verdict, which is not found in the list of jurors sent up in the record as those which tried the cause, does not invalidate the verdict. It is mere surplusage.

If the verdict is so certain that the court can give judgment upon it, it is sufficient; and this is the proper test of its sufficiency. Technical objections as to form are to be disregarded. [1 Tex. 93; 7 Tex. 230; 10 Tex. 116; 12 Tex. 57; 15 Tex. 24; 17 Tex. 368; 21 Tex. 688.]

*S. A. Miller*, for plaintiffs in error, assigned the following [204] as errors in the verdict upon which the judgment of the court below was rendered:

1st. The jury was not selected, tried and charged to try the issue joined, but simply "impaneled and sworn the truth to speak," etc. Dall. Dig. 391-2; and

2d. The verdict was not signed by the foreman of the jury, but by William C. Hollmark, a stranger, who was not sworn, and who was not of the panel.

No counsel appeared for the defendants in error.

Mr. Justice WHEELER delivered the opinion of the court.

The only question presented in this case, which seems to require notice, relates to the verdict. It appears to have been signed by one William C. Hollmark, when from the names of the jurors set out in the record, it appears that John B. and not William C. Hollmark was the juror. This was most probably a clerical mistake. But if it was an irregularity affecting the validity of the verdict, it ought to have been objected to in the court below (2 Bibb, 238), the proper remedy in such case being the awarding of a *venire de novo*, or an application to reform the verdict according to the truth and intention of the finding of the jury. Bac. Abr. tit. Verdict, let. Z.; 3 Tom. L. Dic. tit. Verdict; 2 Burrow, 698.

But is this discrepancy in names such an irregularity as to vitiate the verdict? We think not. We are not aware of any rule of the common law, or of any statute which requires a verdict to be *signed*. That is not an ingredient in the definition of a verdict, which is, "The answer of the jury given to the court, concerning the matter of fact in any case committed to their trial." 6 Jac. L. Dic. 340. And signing is believed not to be a requisite, or essential to its validity. Such was the opinion of the supreme court of Kentucky in The Commonwealth *v.* Ripperdon, Litt. Sel. Cas. [205] 195, where they expressed it as their opinion that there is no law which requires the verdict of a petit jury, either in a criminal or civil case, to be signed; and that it would, beyond a doubt, be good without it.

Then does the name of William C. Hollmark appended to the verdict have the effect to annul it? Clearly not, upon the maxim *utile, per inutile, non vitiatur.* It can be no more than mere surplusage, which does not vitiate. 2 Bibb, 238; 3 Tom. L. Dic. 738.

The test of the sufficiency of a verdict is this: Is it so certain that the court can give judgment upon it?

This was the test applied in the case of Hawks v. Crofton, 2 Burr. 699, where the principle of the decisions was said by Lord Mansfield to be, "That where the intention of the jury is manifest and beyond a doubt, the court will set right matters of form and the mere act of the clerk;" and the general rule

was recognized, "That verdicts are not to be taken strictly, like pleadings, but that the court will collect the meaning of the jury, if they gave such a verdict that the court can understand them." And in Picket v. Richet, 2 Bibb, 178–9 (see also 1 Bibb, 251), the court say: "Verdicts are to be favorably construed, and technical objections to the want of form in wording them, disregarded. If it can be inferred from the verdict that the jury have found the point in issue, it is the duty of the court to work and mould it into form according to the real justice of the case — a rule founded in good sense and conducive to the ends of justice."

Applying the test of these decisions to the present case, there can be no doubt the verdict is sufficient. It is not "so uncertain that the court cannot give judgment upon it, but, on the contrary, it is free from any uncertainty or doubt." And, in the language of Lord Mansfield in the case before cited, "We think the present case is such a clear case, that the court may here give judgment upon the substantial finding, though the clerk may have been irregular and faulty [206] in point of form; it is very clear what the jury meant."

We are of opinion that the judgment be affirmed.