## Edrington v. Kiger.

### EDRINGTON v. KIGER, ADM'R.

It is the peculiar and exclusive province of the jury to judge of the credibility of witnesses and to weigh the evidence; and the court will not undertake to disturb the verdict, unless the jury appear to have found either without or against evidence.

The judge in the court below, who heard the witnesses testify, must be far more competent to judge of the weight to which the evidence is entitled than this court can be from the mere inspection of a statement of the evidence.

The court will never set aside a verdict as against the evidence merely because they might, upon an examination of the evidence, have arrived at a result different from ·that found by the jury.

In trials for minor offenses and in civil causes, the mere separation of the jury, without the permission of the court, where there does·not appear to have been any other misconduct on their part, will not vitiate the verdict, though it is a misdemeanor for which the jury may be punished.

In a motion for a new trial ·in a civil cause, an affidavit that one of the jurors was at home at work, and that he accounted for his absence from the jury by saying that the matter in controversy between the parties was being investigated by a committee of the jury, was held to be entitled to no consideration.

In an application for a new trial on the ground of newly-discovered evidence, if the evidence be documentary, it ought to be produced; if it be oral, the affidavit of the witness to the new facts proposed to be proved by him must accompany the application.

There may be an exception to the rule that the affidavit of the party will not be sufficient on a motion for a new trial on the ground of newly-discovered evidence, where it is not in his power to produce any other evidence than his own affidavit.

Appeal from Washington. The appellant brought suit against the appellee as administrator of William W. Massie, deceased, for the sum of $1,035.43, alleged to be due the plaintiff by the intestate in his lifetime, upon a written acknowledgment and other alleged grounds of indebtedness specified in a memorandum or bill of particulars appended to the petition.

The answer of the defendant denies the indebtedness, and contains a plea of payment and of set-off, and also a plea in reconvention for a large sum of money alleged to be due upon an account appended to the answer.

[90] There was evidence introduced at the trial as to the transactions between the parties and the correctness of their respective demands. Most of the plaintiff's demand consists of an account containing several items amounting to $922.04, at the foot of which is the following acknowledgment: "Washing-"ton, Oct. 28th, 1844. The above amount of nine hundred and twenty-two "4-100 dollars ($922.04) is due to T. F. Edrington from W. W. Massie; and "one-half of all debts due to Edrington & Massie that may be collected from "this date are likewise the property of T. F. Edrington. (Signed) W. W. "Massie, T. F. Edrington." There was also evidence of some other small amounts claimed to be due the plaintiff. The defendant, among other matters, gave in evidence a receipt given by the plaintiff to his intestate for several notes due them jointly, and which the plaintiff had received for the purpose of collection. The plaintiff accounted for only a portion of these notes. It was in proof that the plaintiff and decedent had been partners in business, and that the matters in controversy arose out of transactions between them during the period of their partnership; that they had at one time a partial settlement of their mutual dealings; that at that time the acknowledgment above recited was given. There was some contrariety of testimony as to the custody of the books and papers belonging to the firm after this partial settlement—one witness testifying that they remained for some time in the custody of Massie, but another (and who was the clerk of the parties) testifying that Edrington took possession of the books and papers. The testimony agreed that after the death of Massie they were in the possession of Edrington, except the paper above described, by which Massie had acknowledged himself indebted to Edrington in the sum of $922.04; this paper was found among the papers and effects of the decedent. The jury returned a verdict for the defendant for $146.22. The defendant thereupon entered [91] a remittitur of all but one cent of the verdict

### Edrington v. Kiger.

in his favor. The plaintiff moved for a new trial, assigning in substance the following grounds: 1st. That the jury found contrary to the evidence. 2d. That there had been misconduct on the part of the jury while considering of their verdict. 3d. That the plaintiff had discovered new and material evidence. The new evidence is alleged to consist in a paper in the possession of the defendant, and the testimony of one Grant as to admissions made to him (Grant) by the intestate in his lifetime. This ground for a new trial was supported alone by the affidavit of the party. In respect to the misconduct of the jury, there was the affidavit of one Estis that one of the jurors was at his house at work, and that he accounted for his separation from the jury by saying that the matter in controversy between the parties was being investigated by a committee of the jury.

The court overruled the motion for a new trial, and gave judgment for the defendant; from which the plaintiff appealed.

*Lewis* and *Rivers*, for appellant.
I. The finding of the jury was manifestly contrary to the evidence. The testimony shows a settlement and an indebtedness of Massie to Edrington, and a contract to board Edrington in lieu of interest. The acknowledgment of the parties at the trial shows an indebtedness. The testimony of Crosby is not contradicted but supported by that of Ewing.

II. The plaintiff shows that he had since the trial discovered a paper which would have explained the circumstance of the possession of the papers by the defendant, and also that on account of the discovery, Grant would prove an acknowledgment of Massie's indebtedness; both material.

III. The conduct of the jury was such as to lead almost inevitably to the conclusion that the finding was more the result of accident than any, the least, regard to the evidence. They appear to have disregarded the testimony relied on by the parties and admitted by the court, and to have referred to **[92]** the books that were not before them. It is deemed unnecessary to refer the court to authorities to sustain the appellant's claim; the doctrine is too familiar to need reference.

*Gillespie*, for appellee. The verdict of the jury was fully warranted by the testimony. The written agreement, mainly relied on by the plaintiff below, was found in the possession of the administrator of Massie. The evidence of Ewing, the clerk, shows that on the settlement Edrington took the books and papers; and when they were found with the other party, the jury was authorized to presume it paid. The evidence of Crosby also went to show that but little, if any, indebtedness existed; and when we consider the great disadvantage under which estates in such matters stand, the jury was fully justified in their finding. There was no error in refusing a new trial for the reasons stated in their affidavit on the 24th May, 1848, because the document is not set forth so that the court might see whether it would have the effect stated; nor of the one of the 2d June, because it was not only insufficient, not even setting out Grant's affidavit, which is always required, but was in point of time too late; nor of the one of the 4th of June, for the like reason. The two latter ought not to have been considered by the court below. (Acts 1846, p. 363, sec. 112.)

The last application for a rehearing of the motion for a new trial was on the eighth day after the verdict, when the facts which are alleged in his affidavit had faded from the minds of all who had known anything of the matter. The party relied on his own uncorroborated statement of facts, certainly once fresh in the minds of many others. Additional or amended affidavits are never encouraged by the courts.

The showing of the *misbehavior* not sufficient; no pretense that any improper practices occurred. The books, and Edrington's own books, admitted to go to the jury, were not objected to; and it matters not how the jury managed to satisfy themselves of the correctness of their verdict. Anything **[93]** that they

### Edrington v. Kiger.

or either of them might have said would not affect their verdict. Even if this had been a criminal case, the misbehavior alleged would not affect the verdict. (State *v.* Cannon, 3 Tex. R., 31.)

WHEELER, J. We are required to revise the judgment of the court overruling the motion for a new trial—

First. As to the finding of the jury upon the evidence.

In order to enable the jury to arrive at the conclusion expressed in their verdict, they must have decided against the right to recover upon the principal demand sued for; that is, the acknowledged account for $922.04. The testimony in respect to the other accounts and matters in controversy between the parties admitted of different interpretations and conclusions, according to the credit which the jury may have given to different portions of the testimony and to the statements of the witnesses. And, excluding the larger demand just mentioned, there was testimony from which, it is conceived, the jury may have found for the defendant the verdict which they rendered without exceeding their authority; for it is the peculiar and exclusive province of the jury to judge of the credibility of witnesses, and to weigh the evidence; and the court will not undertake to disturb the verdict, unless the jury appear to have found either without or against evidence. And especially will the appellate court be cautious in disturbing the verdict, and will not do so unless in a very clear case, when the judge in the court below, who heard the witnesses testify, and who, therefore, must be far more competent to judge of the weight to which the evidence is entitled than this court can be from the mere inspection of a statement of the evidence in the record. (Briscoe *v.* Bronaugh, 1 Tex. R., 326, 340.)

It then having been competent, as we conceive, for the jury to have found the present verdict, if they were authorized to reject the principal demand of the plaintiff, their right to do this under the evidence is, as to this point in the case, the only question.

[**94**] This demand is evidenced by a writing signed by both parties, but which was executed solely for the benefit of the plaintiff. It contained an acknowledgment of indebtedness from the intestate to him; it could have been evidence only for him, and it evidently was properly and exclusively his and belonged to his custody, as much so as if it had been a promissory note executed to him by the intestate. But this paper was found to have been in the possession of the intestate at the time of his death. This circumstance unexplained, and taken in connection with the testimony respecting the amount of indebtedness between the parties and the custody of their books and papers, was, we think, sufficient to warrant the jury in coming to the conclusion that this demand had been settled. This at least was a conclusion which the jury were at liberty to draw from the circumstances, and having done so, we cannot undertake to say they have found contrary to the evidence. The court will never set aside a verdict as against the evidence merely because they might upon an examination of the evidence have arrived at a result different from that found by the jury. (12 N. H. R., 171; 6 Leigh R., 230.)

Second. As to the alleged misconduct of the jury. This court has decided that in trials for minor offenses and in civil causes the mere separation of the jury, without the permission of the court, when there does not appear to have been any other misconduct on their part, will not of itself vitiate the verdict, though it is a misdemeanor for which the jury may be punished. (Cannon *v.* The State, 3 Tex. R., 31.) Nothing more than the mere separation of a juror from his fellows is complained of in this case. No other misconduct on his part is pretended; and that, we are of opinion, is not sufficient to vitiate the verdict. The fact that this juror may have stated that the jury had appointed a committee of their number to make certain investigations or calculations respecting the matters in controversy between the parties and the affidavit of the plaintiff respecting the conduct of the jury we do not think entitled to any consideration.

. Third. The remaining cause assigned in support of the motion for a new trial is the discovery of new and material evidence.

In Madden v. Shapard (3 Tex. R., 49) we decided that a new trial will not be granted on the ground of newly-discovered evidence, unless the facts proposed to be proved by the new evidence shall have been disclosed and set out in the application; nor in general when the application is supported only by the affidavit of the party.

The newly-discovered written evidence alleged by the party to be in his possession is not set out or disclosed in his application, and the new facts proposed to be proved by the witness, Grant, are shown only by the affidavit of the party; and no reason is assigned why that of the witness was not produced. The application, therefore, does in no respect conform to the rule. The newly-discovered written evidence ought to have been produced, in order that the court might judge of its materiality; and the application ought to have been accompanied by the affidavit of the witness to the new facts proposed to be proved by him. There may be an exception to the rule that the affidavit of the party alone, in support of his application, will not be sufficient where it is not in his power to produce other evidence; but it does not so appear in the present case.

. We are of opinion that the application for a new trial was rightly refused, and that the judgment be affirmed.

                                                        Judgment affirmed.

