Appeal dismissed.

MARGARET BARTON AND OTHERS v. JONATHAN NIX, RECEIVER.

An agreement in writing, by the heirs of a deceased defendant, that if the plaintiff will not compel administration on the estate, they, the heirs, will make themselves parties defendant at the next Term of the Court, is equivalent to an agreement by an administrator, that if *scire facias* be not served upon him, he will come in voluntarily and make himself a party defendant; and by such agreement, when filed, the heirs become parties, and occupy the position of parties who have been regularly served with process.

Such agreement, with a stipulation that in default of the said heirs so making themselves parties, they will pay the plaintiff the full amount claimed in the suit, with all costs, is an absolute agreement to become parties; and where the cause of action was an open account, was held to amount to a liquidation of the demand, thereby authorizing judgment final by default against said heirs, without a writ of inquiry to ascertain the amount.

Error from Caldwell.    Tried below before the Hon. Thomas H. DuVal.

Suit by Jonathan Nix, receiver, &c., against Kimbro W. Barton, on an open account, for balance of $273 37, commenced 20th February, 1855.    April 24th, 1856, the plaintiff filed an amendment to the petition, alleging the death of the defendant on or about the first of April, 1855; the continuance of the cause at the Spring Term, 1855, for the want of parties defendant, with an order for a *scire facias* to the legal representatives of said Barton; an agreement as follows, which was filed as part of said amendment:—

*Jonathan Nix, Receiver, &c., v. K. W. Barton.*  Whereas the above suit is now pending in said Court, and the said defendant Barton having departed this life since the institution thereof, and said cause having been continued at the Spring Term, A. D. 1855, of said Court, for want of a party defendant, and a *sci. fa.* or-

dered to issue to make the legal representatives of said Barton, deceased, party defendant to said suit; and whereas we, Margaret Barton, Louisa Kelso, and Alfred Kelso, husband of said Louisa, sole heirs at law of said K. W. Barton, deceased, are desirous to wind up and close the business of the estate of said K. W. Barton without an administration thereon, we do hereby covenant and agree with Berry & Nix, attorneys for plaintiff in said cause, in consideration that they will not compel an administration upon said estate, to make ourselves parties defendant to the above entitled cause at the next Term of said Court held hereafter, and in default thereof to pay to said plaintiff the full amount claimed in said suit, with all costs thereof. In testimony, &c. Dated Sept., 1855, and signed by Berry & Nix, attorneys for plaintiff, and the other parties named.

Said amendment also alleged the failure of said heirs to make themselves parties as they had obligated themselves to do, " by means whereof said Barton, Louisa and Alfred Kelso, heirs of said deceased, then and there undertook, agreed, promised, became indebted and liable to pay said plaintiff the amount sued for in said original petition, to wit, the sum of two hundred and seventy-three dollars and thirty-seven cents, and all costs of said suit; that they have not paid the same or any part thereof." Prayer for judgment against said parties for said amount.

Same day judgment reciting said amendment, and said agreement, " and said defendants, obligors in said agreement, having failed to appear, make themselves parties defendant, and answer plaintiff's complaint, according to the stipulations of said agreement, but therein making default, it is ordered, adjudged, and decreed that said plaintiff recover of said defendants, Margaret Barton, Louisa Kelso, and Alfred Kelso, the sum of two hundred and seventy-three $\frac{37}{100}$ dollars, the amount so agreed to be paid in said agreement, and costs of suit, for which execution may issue. This statement discloses all the facts, and the manner in which they were brought to the attention of the Court below. There was a copy of a citation for Kimbro W. Barton, dated 28th February, 1855, but it did not appear that it had been issued.

*Shelby & Carrington*, for plaintiffs in error, in support of the first assignment, cited Raguet v. Nixon, Dal. Dig. 386; Roberts v. Stockslager, 4 Tex. R. 309; Burleson v. Henderson, Id. 49;

Frosh v. Schlumpf, 2 Id. 422; Middleton v. The State, 11 Tex. R. 255; Goodlove v. Gray, 7 Id. 483; Flanagan v. Bruner, 10 Id. 257.

In support of second assignment, Hart. Dig. Art. 770; Flanagan v. Bruner, 10 Tex. R. 257; Hopkins v. Howard, 12 Id. 8.

HEMPHILL, CH. J.    Kimbro W. Barton, having been sued by the defendant in error, Jonathan Nix, departed this life before service of process.    The cause was continued at the first Term, and *sci. fa.* ordered to the legal representatives of the deceased.

During the vacation the plaintiffs in error, sole heirs at law of deceased, being desirous to close up the estate without administration, agreed in writing under seal, in consideration that the attorneys for plaintiff would not compel administration, that they would at the next Term of the Court make themselves parties defendants, and in default thereof would pay the full amount claimed in the suit, with costs.

They failed to appear at the next Term, and it was adjudged that having failed to appear and make themselves parties defendants and answer according to their stipulations, but therein making default, the plaintiff should recover of said defendants the said sum of two hundred and seventy-three $\frac{37}{100}$ dollars, the amount agreed to be paid in said agreement, and costs of suit.

The defendants sued out a writ of error and assigned,

1st. That there was no service of process on the defendants, nor was there waiver or acceptance of process.

2d. That the justness of the debt was not sworn to.

We are of opinion that these grounds are not sufficient to defeat the plaintiff of his right to a judgment.

The defendants were the heirs of the deceased, and desiring to avoid the trouble and expense of administration, they agreed to become parties to the suit.    This was equivalent to an agreement by an administrator that if *sci. fa.* be not served upon him he would come in voluntarily and make himself a party defendant.    Would not this *ipso facto* make him a defendant?    A *scire facias*, if served, would require him to appear and show cause why he should not be made a party.    If he does not appear, he is made defendant by order of the Court.    If he agree to appear and become defendant, and makes default, and does not appear, is there any reason why he should not, in accordance with his own voluntary stipulations, be made party defendant?    There is

no rule of reason, nor is there believed to be any principle of law, which would allow him thus to evade the effect of his obligations.

The defendants, standing as they do in the place of the administrator, by their stipulation, became in effect parties to the suit, and by order of the Court should have been recognized as defendants; and having failed to appear, judgment by default should have been entered against them upon the account or cause of action. From the phraseology of the entry, it might be concluded that judgment was rendered on the covenant in the agreement. This is error. A separate suit might have been brought, perhaps, to recover on the agreement; but no judgment could, in this suit, be entered on the instrument, for the amount stipulated.

The defendants are to be regarded as parties to this suit, and judgment rendered against them for the amount sued upon as against other defendants who have made default; and so far the judgment must be reformed. Ordered that the judgment be reformed and rendered in this Court.

Judgment reformed.