## N. W. BATTLE ET AL v. EDWIN A. EDDY.

It is necessary that a summons should recite the names of all the defendants to an action, even though a copy of the petition be served, which petition named all the defendants. (Paschal's Dig., Art. 1430, Note 542.)

The 13th section of the act to regulate proceedings in the district court allows a defendant to waive service in writing. (Paschal's Dig., Art. 1432, Note 544.) It is no objection that the waiver was dated before the petition is filed.

Where an indorser was sued, but not served, it is immaterial that the judgment by default took no notice of him.

ERROR from McLennan. The case was tried before Hon. THOMAS HARRISON, one of the district judges.

The makers and indorsers of the note were well described in the petition. One of the makers acknowledged service; the citation against the other did not name the defendant who had acknowledged service or the indorser. The indorser was not served, nor was any notice taken of him in the judgment by default against the makers.

Battle and Arnold prosecuted error, and the assignments are sufficiently noticed in the opinion of the court.

*N. W. Battle,* for plaintiffs in error, reviewed the cases cited in the opinion.

*Moore & Green,* for defendant in error, reviewed the cases, and seemed to insist that, as the petition set forth the names fully, it was not material that the writ should.

CALDWELL, J.—The errors assigned and relied on for a reversal of the judgment are—

1st and 2d. Insufficient service.

3d. Failure to dismiss as to John Eddy, the endorser, before entering judgment.

The instrument sued on is a promissory note, dated August 17, 1859, payable twelve months thereafter, to John

Eddy. On the day of its execution it was assigned to E. A. Eddy, defendant in error.

The petition was filed August 24, 1866. Plaintiffs in error, makers of the note, and John Eddy, the indorser, whose residence was alleged to be in the State of Missouri, were made defendants.

Writ of citation issued to N. W. Battle only, and the following indorsement on the petition is relied on as a waiver of service by Arnold:

"I, D. B. Arnold, one of the within-named defendants, do hereby waive a certified copy of this petition and writ of citation, and accept service, this 21st day of August, 1866."

" Witness :                                D. B. ARNOLD.

"M. D. HERRING."

So far as the record discloses, no effort was made to obtain service on the indorser, John Eddy.

The earliest case in our own reports bearing on the sufficiency of the citation is that of .Burleson *vs.* Henderson, 4 Tex., 45. In that case, as in this, the citation required the defendant to answer the petition exhibited against him, without naming the other parties to the suit. HEMPHILL, C. J., in delivering the opinion of the court, held the service insufficient, because of a "statutory provision requiring all the parties to be named in the writ." This was followed by Little *vs.* Marler, 8 Tex., 108, and Anderson *vs.* Brown, 16 Tex., 554, affirming the same doctrine.

Counsel for defendant in error, in an ingenious brief, insist that the rule laid down in these cases has been greatly relaxed, if not overthrown, by subsequent decisions, claimed to be more in accordance with the simplicity of our practice; at least that they are conflicting, and the question raised may be regarded as an open one.

In Dikes v. Monro & Brother, 15 Tex., 236, the point decided was, that a citation containing the firm name was a substantial compliance with the statute. To the same effect is the case of Anderson v. Ennis & Co., 16 Tex., 45.

True, the court remarked that it would have been more satisfactory had the names of the plaintiffs been "fully" set forth; but a failure to do so was not such an omission as to prove fatal.

It will be observed that in Burleson v. Henderson, 4 Tex., 45, and the affirmative cases which follow, the leading idea is that a plain "statutory provision" cannot be disregarded. If mandatory, it must be complied with.

In Dikes v. Monro & Brother, 15 Tex., and others relied on by defendant in error, there is an evident relaxation of the rule laid down in the leading case, Burleson v. Henderson, but we discover no conflict. In the earlier cases there was a total disregard of the statute, (Paschal's Dig., Art. 1430,) in not setting out the names of all the parties to the suit. In the latter only a partial failure, in not giving the "full" names of the members of the firm.

We are of opinion, therefore, that the citation was not sufficient, and that the cause must be remanded; but to obviate any embarassment that may arrise in the court below, in any further proceedings that may be had, we will dispose of the remaining assignment of error.

Paschal's Digest, article 1432, provides that "any party to a suit, * * may waive * * the issuance of any writ or process, * * and accept service thereof: Provided that such waiver * * shall be in writing, * * and filed among the papers to the suit."

The indorsement on the petition by Arnold of his waiver of service we regard as sufficient; but it is objected that the waiver of service was on the 21st, three days before the filing of the petition, on the 24th.

There is no error in this of which plaintiffs in error can complain; nor can it be considered in the light of an agreement to confess judgment without the usual affidavit, because his right to answer and contest the demand was as perfect as though he had been regularly served with process. (Barton v. Nix, 20 Tex., 39.)

Neither is the third assignment of error such a one as the plaintiffs in error can complain of. The undertaking of John Eddy was that of an indorser, and he was liable only after a failure on the part of the joint obligors. The more correct practice, however, would have been to dismiss as to the indorser, and, as there is no statement of facts, we may presume this was done.

REVERSED AND REMANDED.