### YOUNG MEN'S CHRISTIAN ASS'N v. JASSE et al. (No. 6007.)*

(Court of Civil Appeals of Texas. Galveston. Oct. 24, 1912. Rehearing Denied Feb. 10, 1916.)

1. JUDGMENT ⬤⇒256—VERDICT—VALIDITY.

In an action against two defendants, each of whom sought affirmative relief against the other, by way of contribution as joint tortfeasors, where the verdict was in favor of plaintiff against one defendant, and for the other defendant, judgment was properly rendered thereon for the plaintiff against the first defendant and for the second defendant, decreeing further that neither defendant should take anything under his cross-petition against the other defendant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 449, 450; Dec. Dig. ⬤⇒256.]

2. APPEAL AND ERROR ⬤⇒1003 — REVIEW — VERDICT—EVIDENCE.

Where the evidence in an action for injuries received by a pedestrian in falling into a coalhole justified the conclusion that the covering thereon was defectively constructed, it could not be said that the verdict as against the property owner was against the preponderance of evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. ⬤⇒1003.]

3. INDEMNITY ⬤⇒13(1)—STREETS — OBSTRUCTIONS—LIABILITY.

Where a property owner maintained a coal hole in the sidewalk which was dangerous, unless the cover was placed in a certain position,

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Application for writ of error pending in Supreme Court.

and he instructed one delivering coal to replace the cover in that position, and he failed to do so, the property owner could recover from the active tort-feasor the amount recovered by the injured party from the owner, who was a mere passive tort-feasor.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29, 30, 33, 34; Dec. Dig. ☞ 13(1).]

**4. MUNICIPAL CORPORATIONS ☞822—STREETS — OBSTRUCTIONS — LIABILITY — CONTRIBUTION—INSTRUCTIONS.**

Instruction in action for personal injuries by falling in coalhole negligently closed, *held* not affirmative error where it correctly stated certain conditions under which one defendant might recover from the other as a joint tort-feasor, but did not state that they were the only conditions.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1758–1762; Dec. Dig. ☞822.]

**5. MUNICIPAL CORPORATIONS ☞821(19) — JOINT TORT-FEASORS—INSTRUCTIONS—PROXIMATE CAUSE.**

Plaintiff was injured by falling into a coalhole in the walk abutting defendant association's property. In his action the association contended that the cause of the injury was the negligent replacing of the cover by defendant coal company's driver after delivering a load, contrary to instructions of the association. *Held,* that if the injury resulted from negligent replacing of the cover by the driver, such act was the proximate cause of the injury, and it was error to submit such question to the jury as an issue of fact.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1753; Dec. Dig. ☞ 821(19).]

**6. TRIAL ☞228(3)—INSTRUCTIONS—PARTICULAR WORDS.**

Error cannot be predicated on the use by the court in an instruction of the word "slipped," instead of the word "tilted," as used in the petition, where the evidence on the nature of the injury was clear, and no prejudice could have resulted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 512; Dec. Dig. ☞228(3).]

**7. MUNICIPAL CORPORATIONS ☞822—STREETS — OBSTRUCTIONS — LIABILITY — CONTRIBUTION—INSTRUCTIONS.**

In an action for injury to a pedestrian from falling into a coalhole, error cannot be predicated on the giving of an instruction submitting the issue as to whether the crossbar designed to hold the lid in place, was in place, where the evidence thereon was controverted.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1758–1762; Dec. Dig. ☞822.]

**8. APPEAL AND ERROR ☞1033 — REVIEW — HARMLESS ERROR — ERROR FAVORABLE TO APPELLANT.**

A party cannot complain of an instruction submitting an issue to the jury on which the evidence against him was undisputed, the instruction being more favorable to him than the evidence warranted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. ☞ 1033; Trial, Cent. Dig. § 587.]

**9. MUNICIPAL CORPORATIONS ☞817—STREETS —INJURIES—PRESUMPTIONS.**

Where a property owner is negligent in failing to maintain a coalhole properly, he must be presumed to have anticipated any injuries to pedestrians, such as broken limbs, received in falling into the hole.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1725; Dec. Dig. ☞ 817.]

**10. DAMAGES ☞130 — PERSONAL INJURIES — EXCESSIVE DAMAGES.**

Where plaintiff, 40 years of age, had been a bookkeeper for over 15 years, although he had been out of work 8 months prior to his injury, in which he received a compound, comminuted fracture of both bones of the leg just above the ankle, and was in the hospital for 3 months, and under the doctor's care for 6 months, and had to use crutches for a long time, and at the time of the trial used a stick, and his broken leg was 1½ inches shorter than the other, and the leg was very much weakened and stiffened, a judgment of $8,000 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370; Dec. Dig. ☞130.]

**11. TRIAL ☞133(2)—CURE OF ERRORS.**

Although plaintiff's counsel made improper remarks, the error in admitting them was cured where on request the court instructed the jury not to consider them.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. ☞133(2).]

**12. APPEAL AND ERROR ☞1173—REVERSAL— WHEN NECESSARY.**

Although a judgment must be reversed as to the several liabilities of the defendants to each other, that does not require that it also be reversed as to the liability of one of them to the plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572, 4656; Dec. Dig. ☞1173.]

Reese, J., dissenting in part.

Error from District Court, Harris County; J. A. Read, Special Judge.

Action by Fred Jasse against the Young Men's Christian Association, a corporation, and another, wherein each defendant filed a cross-petition against the other. Judgment for plaintiff against the Association, and against plaintiff as to defendant A. T. Lucas, and against the defendants on their cross-petitions, and the Association brings error. Reversed and remanded in part.

Hutcheson & Hutcheson, of Houston, for plaintiff in error. Fisher, Sears & Campbell and J. W. Parker, all of Houston, for defendant in error Jasse. Thos. H. Stone and W. J. Howard, both of Houston, for defendant in error Lucas.

REESE, J. Fred Jasse instituted this action in the district court against the Young Men's Christian Association, a corporation, and A. T. Lucas, to recover damages for personal injuries occasioned by· reason of his stepping upon the lid or covering in an opening in the sidewalk which was alleged to have been, through the negligence of defendants, left in an insecure condition, on account of which it tilted up on one side when he stepped upon it, causing his leg and part of his body to fall into the hole, breaking his leg and otherwise injuring him.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Both parties denied generally the allegations of the petition, denied the charges of negligence, and pleaded contributory negligence on the part of plaintiff, and each defendant pleaded over against the other for such amount as might be recovered by the plaintiff against such defendant. The case was tried with the assistance of a jury, resulting in a verdict in favor of the plaintiff against the Young Men's Christian Association for $8,-000, and against the claim of plaintiff against Lucas, but not finding specially as to the claim of the Association against Lucas. Upon this verdict judgment was rendered in favor of the plaintiff against the Association for the amount of the verdict, and against the plaintiff and the Association as to their respective demands against Lucas. The Young Men's Christian Association brings the case to this court on writ of error as against both of the other parties. In speaking of the parties we will use the terms appellant and appellee, and the Association instead of the full name of Young Men's Christian Association.

The Association is the owner of a building located on the corner of Fannin street and McKinney avenue in the city of Houston, the building on the two sides extending to the edge of the sidewalk or street. In the sidewalk, on the McKinney avenue side of the building, there is a circular hole about 2 feet in diameter, placed for the purpose of delivering coal into the basement of the building, which at this point extends under the sidewalk. This hole has a circular iron rim, flush with the surface of the sidewalk, with a flange about one-half inch wide on its inner surface, upon which rests an iron top or lid, which, when properly in place, is also flush with the surface of the sidewalk. An iron rod extends through the center of this lid into the excavation below where there is some sort of contrivance, the exact nature of which is not explained clearly to us so that we can describe it, but it is so contrived that when this lid is on, by means of this contrivance fastening to the iron rod through the lid, the rod can be so fastened below as to securely hold the lid in place, and also prevent any one from removing it from the outside.

On the 10th day of December, 1908, appellee Jasse, accompanied by his wife, was walking along McKinney avenue, and when they arrived at this hole in the sidewalk Jasse stepped upon the lid over the hole, when the same tilted, and by reason thereof the leg and part of the body of Jasse went into the hole, breaking his leg and inflicting upon him other injuries. The appellee was in the exercise of due care at the time.

On the day of the accident Lucas was engaged in delivering a carload of coal to the Association, having three drays, driven by Will Mayfield, Dan Dunlavy, and another man named Will, whose surname is not shown, doing the work of delivery. These men were directed by those in charge of the building when a load had been delivered to replace the lid and to notify appellant's engineer of that fact in order that he might see that the lid was properly replaced and secured in the hole, and to get his ticket showing such delivery.

The sharply contested issue in the case was whether the driver who delivered the last load preceding the injury to Jasse had performed this duty. It was conceded that the fastening spoken of underneath the lid had not been made, and that if the lid had been thus secured it would have been impossible for the accident to happen. It is appellant's contention that this driver in replacing the lid negligently failed to place it squarely in the hole and on the inside flange, but left one side of it on the rim of the hole so that it would easily tilt if stepped upon, and that this was the proximate and active cause of the accident. Lucas' contention, on the contrary, is that this driver replaced the lid carefully in the hole and notified the engineer and got his ticket. To support its contention appellant contended that if the lid had been placed squarely in the hole it would have been impossible for it to have tilted as it did. Appellees denied this contention, and evidence was introduced of experiments made after the accident. Appellant on this appeal insists that the result of these experiments conclusively supports its contention. Our conclusion is that there was sufficient evidence to support the finding of the jury that the driver of Lucas was not negligent in the matter.

We further find that regardless of whether or not the servants of Lucas were negligent in this respect, as charged by appellant, the appellant, as owner of the premises, was negligent in failing to keep the sidewalk in a reasonably safe condition, and this negligence was a proximate cause of appellee's injury. We also find that Jasse was injured substantially as charged in the petition, and that his injuries are of such character as to justify the verdict as to the amount of damages sustained by him.

Four issues were presented by the pleadings: First, as to plaintiff's right to recover against appellant; second, his right to recover against Lucas; third, Lucas' right to recover over against appellant; and, fourth, appellant's right to recover over against Lucas. The court instructed the jury as to the form in which the verdict should be returned to meet the different findings, instructing the jury that if they found a verdict in favor of plaintiff against only the defendant Association, and against plaintiff as to the defendant Lucas, the verdict should be as follows:

"We, the jury, find for the plaintiff against the defendant Young Men's Christian Association, and assess the damages in the sum of —— dollars. And we find against the plaintiff in favor of the defendant Lucas."

[1] The verdict returned followed this form and did not specifically pass upon the issue as to the liability of Lucas to appellant. The judgment followed the verdict, and further adjudged that appellant and Lucas take nothing as to their respective demands upon each other. By the first assignment of error appellant complains that the verdict did not dispose of these issues, that the judgment could not go beyond the verdict, and that this issue as to appellant's right to recover over against Lucas not having been properly disposed of, the judgment is not final. We conclude that as the case was presented by the pleadings and evidence, the finding in favor of Lucas, as to the claim of the plaintiff, necessarily involved and carried with it a finding that Lucas was not guilty of any negligence proximately causing or contributing to the accident, the necessary result of which finding was that he was not liable to appellant. It would have been logically impossible for Lucas to have been liable to appellant, such liability based upon his negligence, and not liable to the plaintiff, Jasse, such nonliability being based upon his not being guilty of negligence as a proximate cause of the injury as found by the jury. So the finding in favor of Lucas as against plaintiff's claim necessarily was a finding in favor of Lucas as to the claim of appellant. In directing the form of the verdict the court evidently took this view, and the jury was not directed as to the form of a verdict covering the claim of appellant against Lucas, if they found in his favor as against the claim of the plaintiff, Jasse. No charge was requested by appellant as to this. We are of the opinion that there can be no difficulty in determining from the verdict as returned, in view of the issues presented by the pleadings and evidence, that the jury found against the claim of appellant against Lucas. The verdict supports the judgment. The assignment is overruled. Burton v. Anderson, 1 Tex. 93; Burton v. Bondies, 2 Tex. 204; Mays v. Lewis, 4 Tex. 45; Horton v. Reynolds, 8 Tex. 294; Smith v. Johnson, 8 Tex. 424; Railway v. James, 73 Tex. 18, 10 S. W. 744, 15 Am. St. Rep. 743.

[2] The second assignment of error assails the verdict and judgment on the ground that the verdict is against "the great preponderance" of the evidence in finding against appellant and not finding for appellant against defendant Lucas, because the evidence affirmatively shows in the way and manner in which the accident occurred that the injury must have occurred from the failure of Lucas to properly replace the lid or cover, and that the injury could not have occurred had the cover been properly replaced. We will not undertake in this opinion to set out the evidence or the issue. Our findings of fact sufficiently show our conclusions. There was evidence which tended to show that on account of inherent defects in the covering of the hole it was not safe and secure against such accidents as this, even when properly placed in the hole. We have carefully examined the testimony of the witnesses who made the experiments referred to, and which is relied upon, in connection with other testimony, conclusively to rebut the positive testimony of Lucas' driver, Mayfield, that he was the driver who delivered the last load of coal, and that he carefully replaced the lid and notified the engineer, by showing by the physical facts that this could not be true, and that it would have been impossible for the lid to be made to tilt by some one stepping upon it, as Jasse did, if it had been thus securely replaced. The testimony does not produce this impression on us, but, on the contrary, some of the testimony authorizes the conclusion that the opening and lid were defectively constructed, and in certain position of the lid with reference to the hole it was unsafe and could be made to tilt when stepped upon. It is sufficient to say, in answer to the assignment, that the finding of the jury that the servant of Lucas was not guilty of negligence proximately causing or contributing to the injury, and hence that Lucas is not liable to the appellant, is sufficiently supported by the evidence; that is, that it is not so against the preponderance of the evidence as to authorize this court to set it aside. The assignment is overruled. This disposes also of the third assignment of error, which is also overruled.

The requested charge referred to in the fourth assignment of error related solely to the issue of the liability of Lucas to appellant. It was properly refused. The basis of the charge is that the uncontroverted proof shows that Jasse "stepped on the cover at such a place and in such a way and manner that if the cover had been placed within the rim it could not have been displaced." This, we think, is not true. The charge otherwise was misleading and confusing. The assignment is overruled.

[3] In its petition against Lucas appellant alleged that it had given to Lucas, his servants and agents, instructions that in delivering coal to the appellant they should not deliver any load of coal without advising the engineer in charge, and should in no event remove the cover from the hole, and that in every instance, after a load of coal had been delivered, they should replace the cover securely back on the hole before driving away. In submitting the issue of the liability of Lucas to appellant, the court gave the following charge, which is paragraph 6 of the general charge:

"If you find for plaintiff against both defendants, then you are instructed that if you believe from the evidence that, substantially as alleged by defendant Association, it had given to said Lucas, his servant or agents, instructions that in delivering coal to said Association, they should not deliver any load of coal to the building without advising the engineer or fireman in charge of said Association's engines, and should, in no event, remove the cover from said manhole, and that in every instance, after a load of coal had

been delivered they should replace the cover securely back on the hole, before the driver had driven away; and if you believe from the evidence that, just prior to plaintiff's injury, the servant or agent of the defendant Lucas, without notifying defendant Association, or its agents or employés that he had a load of coal to deliver so that they could be present and superintend the same, without right and against the instructions of defendant Association, removed the cover of the coal chute and loaded in a load of coal, and thereafter replaced or attempted to replace the cover on the said coal chute, and departed from the building without notifying defendant Association's engineer, or any one representing said Association that he had removed the cover of said manhole, or that said cover was insecurely replaced, if you find that it was, and that as a result thereof plaintiff was injured, then the defendant Association will be entitled to a verdict over against the defendant Lucas for such amount of damages as you may find for plaintiff, if you do find for the plaintiff."

Complaint of this charge is made by the fifth assignment of error. The gravamen of such complaint is that by it the jury was required to find, as a condition of recovery by appellant of Lucas, certain facts which were not necessary to such recovery, even though they were alleged in appellant's petition or cross-action against Lucas. It is contended that in order to authorize such recovery it was only necessary to establish that the servant of Lucas negligently failed to replace the cover on the coalhole. In this we agree with appellant as in such case appellant and Lucas would not be joint tort-feasors, but the act of Lucas being the direct and immediate cause of the injury, he would be considered as the active, and appellant as only the passive, tort-feasor, and in such case, if plaintiff recovered judgment against appellant, appellant would be entitled to recover over against Lucas. The following authorities are, we think, applicable: Cooley on Torts, 166 et seq.; Gas Co. v. Singleton, 24 Tex. Civ. App. 341, 59 S. W. 920; San Antonio v. Smith, 94 Tex. 266, 59 S. W. 1109; Railway Co. v. Vance, 41 S. W. 171; Kampmann v. Rothwell, 101 Tex. 540, 109 S. W. 1089, 17 L. R. A. (N. S.) 758.

[4] But appellant is in error in construing this charge to be affirmative error, granting the soundness of its contention. The charge merely instructs the jury that these several acts and omissions on the part of Lucas' servant would entitle appellant to recover against Lucas, which is unquestionably correct. It was not charged that these facts were necessary to a recovery. It is true that appellant requested certain charges presenting his right to recover upon the negligent omission properly to replace the lid on the hole by Lucas' servant, which were refused, and upon which refusal appellant has assigned error. These assignments will be discussed later. But the assignment now presented, with the several propositions thereunder, is overruled, for the reasons indicated. We may add, however, that in the latter part of the charge the jury were told that the mere failure to securely replace the cover by

Lucas' servant which resulted in the injury to plaintiff, would entitle appellant to recover of Lucas; the disjunctive "or," and not the conjunction "and," being used to separate this from the other facts which the jury was instructed would authorize such recovery. What we have said disposes also of the sixth and seventh assignments and the several propositions thereunder, which are overruled.

[5] Appellant requested the court to give the following charge, which was refused, and the refusal is made ground for the eighth assignment of error:

"You are instructed at the request of the defendant Young Men's Christian Association that while the said defendant owed the plaintiff the duty of exercising ordinary care, to keep and maintain its premises in a safe condition, and if you find that it has been negligent in its duty of maintenance and as a result thereof the plaintiff was injured, and if you find the plaintiff entitled to recover under the charge of the court, still, if you further find that such condition existed by reason of the failure on the part of the driver or servant of A. T. Lucas to properly replace the cover on the manhole, and that such failure to so place the cover was negligence, and that as a result of such negligence plaintiff was injured, you will find in favor of the defendant Young Men's Christian Association over and against the defendant A. T. Lucas for any sum or sums which you may find in favor of the plaintiff as against the defendant A. T. Lucas."

A similar charge was requested and refused, as set out in the succeeding assignment of error, also numbered 8. The court also charged the jury in subdivision D, paragraph 5, of the general charge, in substance, that if they believed that the servant of Lucas was negligent as charged, but did not believe that such negligence was a proximate cause of the injury, Lucas would not be liable to plaintiff. Objection to this charge is made ground for the twelfth assignment. These assignments, in the opinion of the majority of the court, have such a bearing upon each other as renders it proper that they be considered in connection with each other. The charges referred to in the two assignments numbered 8, and that made ground for the fifth assignment, refer to the issue as between appellant and Lucas. It is contended by appellant that if the servant of Lucas failed properly to replace the cover on the coalhole and left it in the insecure condition of having one side down in the hole resting on the edge of the flange and the opposite side resting on the inner edge of the rim, such act was necessarily the proximate cause of the injury—in fact, the direct and immediate cause—and that the court should have so declared as matter of law, and erred in submitting it to the jury as an issue of fact. If this conclusion is, as urged, the result of the uncontroverted evidence, there can be no doubt that the submission of the issue to the jury in the form in which it was submitted was error (Railway Co. v. McCoy, 90 Tex. 264, 38 S. W. 36; Culpepper v. Railway Co., 90 Tex. 627, 40 S. W. 386; Railway Co. v. Rowland, 90 Tex. 365, 38 S. W. 756), even as explained by

Parks v. Traction Co., 100 Tex. 222, 94 S. W. 331, 98 S. W. 1100.

The majority of the court concludes that if the servant of Lucas was negligent in the matter and manner indicated, such negligence was clearly, as matter of law, a proximate cause of the injury. This the writer is inclined to doubt. The line between the two conclusions, whether the evidence conclusively establishes a fact making it the duty of the court to so declare, or whether the evidence as to the fact raises an issue of fact to be submitted to the jury, is very often difficult of ascertainment. Where the matter is left in doubt, I think the issue should be submitted, and I am not inclined to reverse the judgment, especially in the case of such an issue as is here presented if the trial court mistakenly submits the issue. The majority, as I understand, also agree that the judgment as between Lucas and appellant should not be reversed on this ground alone, but that the submission of the issue on paragraph 6 of the charge, as set out in the fifth assignment, although standing by itself it was not affirmative error, in connection with the refusal to give the special charges requested, as set out in the two assignments numbered 8, submitting such issue correctly, as appellant had a right to have it submitted, together with the erroneous charge submitting the issue of whether, if the servant of Lucas was guilty of negligence in not properly replacing the lid, such negligence was a proximate cause of the accident, all taken together and in connection with the entire charge, constitutes reversible error, in so far as the judgment against appellant on his claim against Lucas is concerned. This error, the majority holds, is not rendered harmless by the fact that the jury found that Lucas was not guilty of negligence, as between himself and the plaintiff; such finding being probably affected by the error in the charges referred to, and especially by the erroneous charge upon the issue of proximate cause, in that part of the charge submitting the issue of liability of Lucas to the plaintiff. From some of these conclusions the writer is compelled, reluctantly and respectfully, to dissent. My views on this point will be presented in a separate opinion. In the opinion of the majority the assignments of error numbered 8 and 12 must be sustained, and on account of the errors thus pointed out the judgment in favor of Lucas against the claim of appellant must be reversed.

In view of the length of this opinion, assignments of error 9, 10, and 11, and the various propositions thereunder, are overruled without discussion.

What we have said disposes substantially of the thirteenth and fourteenth assignments of error, which present substantially the same error that is presented by the twelfth assignment.

[6] There is no merit in the fifteenth and sixteenth assignments of error. The use by the court of the word "slipped," instead of "tilted," in the charge, although the petition uses the word "tilted" as describing the movement of the lid when Jasse stepped upon it, could not have misled the jury. The evidence showed how the accident occurred and the movement of the lid, and even though tilted was the proper word to describe this movement, the use of the word "slipped" in the charge in this connection is a matter of too trifling importance to engage serious attention.

[7] Complaint is made by the seventeenth assignment of error that the court erred in its general charge in submitting to the jury as a ground of liability of appellant whether the crossbar, designed to hold the lid in place, was in place, and, if not, whether the absence of it was the cause of the injury. The objection to the charge is predicated upon the proposition that the undisputed evidence showed that the injury must have occurred by reason of the failure of the servant of Lucas properly to replace the lid. As we have shown, this was a contested issue, in fact found against appellant's contention upon what we have held to be sufficient evidence. The assignment is without merit.

[8] By the eighteenth assignment appellant complains that the court erred in submitting the issue as to whether this bar was in place, on the ground that the undisputed evidence showed that it was not. If this be true, and the charge of negligence on the part of appellant be based upon this failure on its part to have the lid secured in place by means of this crossbar, certainly it is not an error of which appellant can complain that the court submitted the issue to the jury instead of assuming that there had been such failure. Such submission of this issue could not reasonably have had the effect of confusing the jury, as contended by appellant. The assignment is overruled.

The charge referred to in the nineteenth assignment, being charge No. 2 requested by appellant and refused, is to the same general effect as the charges referred to in the two assignments numbered 8 and heretofore discussed. By it the jury was instructed, in substance, that if the servant of Lucas negligently failed to replace properly the lid over the coalhole, and such negligence was a proximate cause of the injury, Lucas would be liable both to plaintiff, Jasse, and the appellant. It is not necessary that we say more as to this assignment than what has already been said on the question involved.

The twentieth assignment of error complains of paragraph 6 of the court's charge, upon the same general grounds presented by the fifth assignment of error. This paragraph of the charge does not present affirmative error. The assignment is overruled.

[9] There was no error in the refusal of the charge requested by appellant set out in the twenty-first assignment. If appellant was negligent in failing to use or-

dinary care to keep the lid on the coalhole in a safe condition to avoid injury to persons walking along the street, it must have foreseen that some such accident as that which happened to Jasse would happen. It was no error to refuse to submit the issue specially to the jury as was requested. The same general principle applies to the charge asked and refused, as set out in the twenty-second and twenty-third assignments of error.

[10] The twenty-fourth assignment complains of the verdict as excessive in the amount of damages awarded. The verdict is a liberal one, very liberal, and stops just this side of the point where we would feel compelled to require a remittitur, but it appears to be the result of the dispassionate consideration of the evidence by the jury. Appellee is a bookkeeper by calling, and has been engaged in that business for more than 15 years. He has been, for some 8 months prior to the accident, out of work, having been unable to secure satisfactory employment. While his injuries are of such a character as to impair his capacity to work and earn money in most kinds of manual labor, this capacity to do so in his chosen calling does not appear to be impaired. Still there are many elements of serious damage present. Appellee was, at the time of the accident, 40 years of age. By the fall both bones of one leg were broken just above the ankle, a compound, comminuted fracture of the worst kind. There can be no question that he suffered for some time the greatest pain. The accident occurred December 10th. Appellee was in a hospital under treatment of his physician nearly 3 months, and after his release from the hospital was under such treatment until the succeeding July. While in the hospital, at different times, various incisions had to be made in his wounded leg to drain out infected matter and remove pieces of crushed bone. He had to use crutches until the following July, and now walks with the aid of a stick. The wounded leg is about 1½ inches shorter than the other. Appellee gets about without difficulty, but experiences pain in this leg when he has to walk as much as three-quarters of an hour, but the physician testified that there will always be a greater liability for the bones in this leg to break, and it is very much weakened, and the foot has a tendency to turn in when walking. There is a weakening of the large bone and partial loss of motion in the ankle. His physician considered Mr. Jasse's recovery without amputation of the leg most remarkable and due largely to his uniform patience in suffering and obedience to directions. The medical expenses, hospital fees, etc., amounted to between $600 and $700.

[11] During the course of the argument one of appellee's counsel indulged in the use of language which was very improper in an evident endeavor to create for his client sympathy, and thus swell the amount of the verdict. No notice of these remarks was taken at the time by any one, but the next day, when the case was submitted to the jury, at the request of counsel committing the error, the court instructed the jury that the remarks were improper, and must not have any consideration at their hands. As these improper remarks seem to have had for their object to convince the jury that it would take at least $40,000 to properly compensate the appellee, they do not seem to have been reflected in the verdict, but to have been very properly utterly disregarded. No bill of exceptions was taken to these remarks, and they only appear in the record in aid of the assignment of error complaining of the excessive amount of damages allowed, in support of the argument that the improper remarks, to some extent, caused the amount to be unreasonably increased. We can hardly conceive that any juryman of the most ordinary common sense could have been thus influenced by the remarks referred to coming from the lips of counsel. We are of the opinion that we would not be justified in substituting our judgment for that of the jury as to the proper amount of compensation in this case. The assignment must be overruled.

[12] None of the assignments of error present any grounds which would require a reversal of the judgment in favor of Jasse against the Young Men's Christian Association. The issues as between them were submitted in a charge which, at least, presents no reversible errors. There is no substantial reasons why the judgment as between them should be reversed on account of errors committed in the trial of the issue of the liability of Lucas to the Association. In fact, it seems to us that the undisputed evidence establishes the liability of the Association to the plaintiff, regardless of the question of liability of Lucas to appellee, and no other verdict than one in favor of the plaintiff would have been justified. This, of course, does not at all mean that Lucas, as the active tort-feasor, if he was in fact negligent in the manner charged, may not be also liable to appellant for the damages suffered by it. Kampmann v. Rothwell, 101 Tex. 538, 109 S. W. 1089, 17 L. R. A. (N. S.) 758; San Antonio v. Smith, 94 Tex. 268, 59 S. W. 1109.

The majority of the court concludes that the judgment in favor of Jasse against the Young Men's Christian Association should be affirmed, and that the judgment in favor of Lucas against the Association should be reversed and the cause remanded, as to this issue, for another trial in accordance with this opinion; and it is so ordered.

From so much of the opinion and decision

of this case as results in a reversal of the judgment in favor of Lucas against appellant I feel compelled to record my dissent, and will state very briefly the grounds of such dissent. In a proper charge clearly presenting that issue, and upon evidence which we agree was entirely sufficient to support the verdict, the jury have found that Lucas was not guilty of any negligent act proximately causing the injury to Jasse. The issue as to such negligence was clearly cut and clearly presented to the jury. It is entirely clear to me that the jury based their verdict upon the testimony that Mayfield was the last of the drivers of Lucas to deliver coal before the accident, that he was telling the truth when he testified that he carefully replaced the lid in the hole and reported to the engineer, and that it was possible for the lid in this position, but without the fastening of the crossbar below, to be tilted up by stepping upon it. It seems clear to me that this verdict was not influenced by any of the errors in the charge submitting the issues between Lucas and appellant. The error in the charge referred to in the ninth assignment of error, in submitting the issue as to appellant's liability to Jasse, with regard to proximate cause, if it be an error, under the authority of the Culpepper, McCoy, and Rowland Cases cited, did not, I think, influence the jury in rendering the verdict. I think it is unreasonable to suppose that the verdict discharging Lucas and holding him not guilty of negligence could have been affected by this charge submitting to them the issue of proximate cause, even if such submission was error. So we have, in my opinion, a correct trial of the issue of Lucas' negligence and a proper verdict that he was not guilty of any negligence to which the accident could be attributed. How could it then be logically possible for the jury, in determining the right of appellant to recover against Lucas, under any sort of charge to have found that Lucas was guilty of negligence proximately causing or contributing to the accident, and therefore while not liable to Jasse, liable to the Association. This would seem a most absurd conclusion. If this view be correct, then none of the errors in the giving or refusal of charges in submitting the issues of appellant's right to recover of Lucas, based on his negligence, could have been harmful to the Association. In such case I cannot bring myself to agree with the majority in a reversal of the judgment as between Lucas and the Association, and a remand of the cause for another trial of these issues. My conclusion is that the entire judgment should be affirmed.

Affirmed in part. Reversed and remanded in part.

REESE, J., dissents.